## AUTOMATIC ELECTRIC, Inc., v. NORTH ELECTRIC MFG. CO.

Circuit Court of Appeals, Sixth Circuit.
November 7, 1928.

No. 4905.

Clarence E. Mehlhope, of Chicago, Ill. (Charles E. Brock, of Cleveland, Ohio, and Walter A. Scott, of Chicago, Ill., on the brief), for appellant.

F. O. Richey, of Cleveland, Ohio (Richey & Watts, of Cleveland, Ohio, on the brief), for appellee.

Before DENISON, MOORMAN, and KNAPPEN, Circuit Judges.

MOORMAN, Circuit Judge. This is a suit to restrain infringement of a trademark and for an accounting for unfair competition in its use. Both parties are manufacturers of telephone equipment. The trade-mark in question consists of the letters "P-A-X," an abbreviation of the words "Private Automatic Exchange." The District Court held that this abbreviation was not a valid trade-mark and that there had been no unfair competition.

A private automatic exchange is a telephone system for schools, hospitals, offices, and like institutions with no outside line connection. When manufacturers of telephone equipment first began to install these systems, it became necessary, as pointed out by the court below, to give them a name. The name given them was Private Automatic Exchange—a name descriptive of the system. Plaintiff was one of the earliest manufacturers of these exchanges—perhaps the earliest. It claims to have originated the name P-A-X for its particular system, and to have used it in its correspondence and advertising as early as 1913. It did not attach the name to any of the parts of its exchange until as late as 1919. Defendant claims an earlier use on its parts, but we assume for present purposes that its use was in all respects later.

The letter "X" is well understood in the telephone industry to be an abbreviation of the word "Exchange." The evidence shows that telephone equipment has been designated by the initials of the name of the equipment almost from the beginning of the telephone business in this country, as, for example, C. B. X. is an abbreviation of Common Battery Exchange, P. B. X. of Private Branch Exchange, P. A. B. X. of Private Automatic Branch Exchange, C. A. X. of Community Automatic Exchange, and M. A. X. of Main Automatic Exchange. In a book entitled "Automatic Telephony," published in this country in 1914, a Private Automatic Exchange was called P. A. X., Private Branch Exchange P. B. X., and a Community Automatic Exchange C. A. X. Similar designations of exchanges and other telephone equipment are to be found in later publications in this country and in Great Britain. Plaintiff itself, in its correspondence with defendant, referred to defendant's Private Automatic Exchange as P-A-X, and as "your P-A-X's." There was no showing by plaintiff that the term was ever understood or accepted either in the trade or by the public as denoting or signifying plaintiff's product; it is now and has been from its beginning the abbreviated name of a particular kind of exchange. It is, of course, not subject to appropriation as a trade-mark. Tobacco Works v. Tobacco Co. (C. C. A.) 5 F.(2d) 469; Standard Paint Co. v. Manufacturing Co., 220 U. S. 446, 31 S. Ct. 456, 55 L. Ed. 536.

The lower court was also right in holding that there was no unfair trade competition. Private automatic exchanges are not kept in stock by manufacturers, but are built to fit into the particular service for

which they are ordered. They involve the outlay of a considerable sum of money and necessarily invite careful consideration from the purchaser. Often, if not generally, they are purchased upon competitive bids. Instances are cited by plaintiff in which it is said that purchasers confused defendant's exchange with plaintiff's. In one instance the sale was made by an independent dealer who bought and sold defendant's product. For the action of this dealer defendant was not responsible, and, besides, we fail to perceive that there was any intention on his part to confuse or mislead the purchaser. The other instances concern exchanges that were installed by defendant about which the plaintiff received letters complaining of defects. We find nothing in any of them that brings defendant within the inhibition of palming off its goods on the public as and for the goods of plaintiff.

The judgment is affirmed.