Trademarks — R-X Prescription Shop The name "R-X Prescription Shop" is eligible for registration as a trade name. The Attorney General has received and reviewed your letter of January 9, 1968, wherein you asked the following question: "May a trademark or service mark be registered for `R-X Prescription Shop'?" In answering your question we refer your attention to 87 C.J.S. Trade-Marks, Etc., Section 40, p. 273, which states the general rule governing letters of the alphabet being used as trade names as follows: "Letters are valid trade-marks where arbitrarily used to indicate origin or ownership, but not where used only to indicate grade or quality." To the above general rule we can add that letters which are descriptive are also ineligible for registration as a trade name. An example of this would be found in the case of Automatic Electric, Inc. v. North Electric Mfg. Co. 28 F.2d 979 (6th Cir. 1928), wherein the plaintiff attempted to restrain the defendant from using the letters "P-A-X", in the course of describing communications equipment which both companies made. The plaintiff claimed to have originated the term "P-A-X" to describe its system, however, the court refused to restrain the defendant from using the letters "P-A-X" in describing its system since "P-A-X" was commonly used in the electrical communications business and was understood in the industry as meaning Private Automatic Exchange. Therefore, the test is not that letters per se are used but whether or not they are used so as to denote origin or ownership and if so they are subject to registration. Our review of the law relating to trade names reveals that not only will the courts uphold and protect trade names consisting of letters denoting origin or ownership but they will go to considerable lengths to protect a trade name from infringement by letter groupings that are more or less similar when the adverse party is in the same or closely related business, especially is this true when the prior name is well known to the public. Helen Schy-Man-Ski Sons v. S.S.S. Co. (Court of Customs and Patent Appeals, 1934); Hecker H-O Co., Inc. v. Holland Food Corporation, 36 F.2d 767, (2nd Cir. 1929); Crystal Corporation v. Manhattan Chemical Mfg. Co., Inc. 75 F.2d 506
(Court of Customs and Patent Appeals, 1935); Application of Hawley, et al 166 F.2d 204, (Court of Customs and Patent Appeals, 1948). An Oklahoma case in point is O K Bus Baggage Co. v. O K Transfer Storage Co. 63 Okl. 311,165 P. 136, in which the court upheld the plaintiff in his claim to the exclusive use of the letters "O K" in connection with the transfer, baggage and storage business. In this latter case Oklahoma Transfer and Storage did not have the benefit of the presumptive right of exclusive use of the letters "O K" by registration but through usage had acquired the sole right to utilize the letters. The general rule expressed by the Oklahoma Court is contained in the first and second syllabus and read as follows: "One who produces or deals in a particular thing or conducts a particular business may appropriate to his exclusive use as a trade mark or name some symbol or name which has not been so appropriated by another, to designate the origin or ownership thereof; but he cannot exclusively appropriate any designation or part of a designation which relates only to the name, quality, or description of the thing or business, or the place where the thing is produced or the business carried on. "All practices between business rivals which tend to engender unfair competition are odious to the law and will be restrained by the courts. No man will be permitted to make use of signs of tokens which serve to confuse the identity of his business with that of another so as to mislead the public and divert business from his competitor to himself." In the fact situation at hand we see nothing to prevent the exclusive use and registration of the trade name "R-X Prescription Shop". As far as we can ascertain the letters R-X do not connote description, quality or grade. We have noted, however, that the capital letters "R-X" at first blush seem to be the same as the well known drug symbol RX which means recipe (Webster's New International Dictionary, Second Edition, unabridged), and would therefore be ineligible for registration because of being generic or descriptive, however, our research does not lead us to believe there is any relationship between the two. In view of the authority cited above it is the opinion of the Attorney General that the name "R-X Prescription Shop" is eligible for registration as a trade name. (Jerry H. Holland)