### McGRAW TIRE & RUBBER CO. v. GRIFFITH et al.

(Circuit Court, S. D. New York. July 21, 1911.)

TRADE-MARKS AND TRADE-NAMES (§§ 59, 70*)—INFRINGEMENT—UNFAIR COMPETITION.

Some two years after complainants commenced the manufacture of automobile tires having the name "Imperial" and the words. "Made by the McGraw Tire & Rubber Company, E. Palestine, O.," moulded thereon, a large number of which were contracted for and purchased by defendants, the latter organized a corporation under the name "Imperial Tire Company," and began the sale of tires made for them by others with the name "Imperial" and the words, "Made by Griffith Tire & Rubber Company," or, "Made by the Imperial Tire Company," moulded thereon in obvious similarity to complainants' moulding. Held, that the use of the name was an infringement of complainants' common-law trade-mark, and its use in the name of the corporation constituted unfair competition.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. §§ 68–72, 81; Dec. Dig. §§ 59, 70.*

Unfair competition in use of trade-mark or trade-name, see notes to Scheuer v. Muller, 20 C. C. A. 165; Lare v. Harper & Bros., 30 C. C. A. 376.]

In Equity. Suit by the McGraw Tire & Rubber Company against Edward C. Griffith, the Automobile Tire Company, the Griffith Tire & Rubber Company, and the Imperial Tire Company. On motion for preliminary injunction. Granted.

Kenyon & Kenyon, of New York City, for complainant.
Graham & L'Amoreaux, of New York City, for defendants.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

WARD, Circuit Judge. The complainant, a corporation and citizen of the state of Pennsylvania, filed its bill against the defendants, citizens of the state of New York, for infringement of its common-law trade-mark in the use of the word "Imperial" in connection with automobile tires and for unfair competition. The motion is for a preliminary injunction.

The use which the defendant Griffith or the Automobile Tire Company made of the word "Imperial" in the summer and fall of 1908 was insignificant, with no effect whatever upon the market, and in my opinion entirely insufficient to establish a common-law trademark. It was the complainant which made the word known and gave it value in connection with the large and increasing manufacture of unguaranteed tires, which it began in the fall of 1909. The words, "Imperial," "Made by the McGraw Tire & Rubber Company," and "E. Palestine, O.," were moulded upon them.

If Griffith or the Automobile Tire Company could be supposed to have any prior rights in the word "Imperial" in this connection, I think they abandoned it by the contract of May 3, 1910, under which they agreed to buy 7,500 unguaranteed tires from the complainant prior to November 1, 1910. These were to be of the Clincher and Dunlop types; the former the complainant might manufacture for any one at the same rates, but the latter only for the Automobile Tire Company. Down to November 1st it bought these tires to the cost of $90,751.92, 5,200 of them being Clinchers. All of these were marked as above stated. No claim whatever was made of a prior right in the word "Imperial" except in connection with the suggestion of May 24, 1910, that the complainant should either sell all its tires to the Automobile Company or else have tires manufactured for it branded with another name than Imperial, which was never followed up.

January 5, 1911, the defendant Griffith organized the "Imperial Tire Company" under the law of the state of New York. It had a capital of $5,000, and the incorporators were the defendant Griffith, his wife, and a gentleman from the office of his lawyers.

In April, 1911, the complainant heard that the defendants were selling tires made for them by others moulded with the words, "Imperial," "Made by Griffiths Tire & Rubber Company," or, "Made by the Imperial Tire Company," in obvious similarity to the complainant's moulding. April 4, 1911, it notified the defendants Griffith and the Automobile Tire Company that this was an infringement of its right, to which they replied April 5th, claiming a prior right to the use of the word "Imperial" and for the first time saying that they would insist upon it.

I feel quite clear that the defendants are infringing the complainant's trade-mark and are also guilty of unfair competition in organizing a corporation under the name "Imperial" Tire Company and advertising and selling tires as made by it or for it.

The motion for a preliminary injunction is granted.