### TALCUM PUFF CO. v. E. BURNHAM, Inc.

(Court of Appeals of District of Columbia. Submitted January 14, 1924. Decided March 3, 1924.)

#### No. 1618.

Trade-marks and trade-names and unfair competition ⬉⇒45½, New, vol. 7A Key-No. Series—Mark "Moon Dream" likely to be confused with "Moon Kiss."

The trade-mark "Moon Dream" for talcum powder, etc., *held* likely to be confused with the mark "Moon Kiss," used on goods of the same description, and hence cancellation of the first-mentioned mark was justified.

⬉⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal from the Commissioner of Patents.

Proceeding between the Talcum Puff Company and E. Burnham, Inc. From a decision canceling the trademark of the first-named party, it appeals. Affirmed.

Clair W. Fairbank, of New York City, for appellant.

Edward T. Fenwick and Charles R. Allen, both of Washington, D. C., for appellee.

Before ROBB and VAN ORSDEL, Associate Justices, and SMITH, Judge of the United States Court of Customs Appeals.

ROBB, Associate Justice. Appeal from concurrent decisions of the Patent Office tribunals canceling the registration of "Moon Dream" as a trade-mark for talcum powder, etc., upon the ground of conflict with appellee's mark, "Moon Kiss."

After the final decision of the Patent Office, the parties entered into a stipulation in which they agreed that they would not contest the finding of the Patent Office that appellee adopted and used its trade-mark prior to appellant's adoption and use of "Moon Dream," that the marks were used on goods of the same descriptive properties, that there was no evidence of actual confusion, that the question before the Patent Office "was limited to one of similarity of marks," and, finally, that this appeal "may be submitted to the Court of Appeals without including any testimony taken in the proceeding, and may be considered by the court as though no testimony had been taken."

It is apparent, therefore, that the sole question before us is whether the marks are deceptively similar, within the meaning of the Trademark Act. In other words, as provided in that act, the question is whether these two marks, applied as they are to goods of the same descriptive properties, are so similar "as to be likely to cause confusion or mistake in the mind of the public or to deceive purchasers." Comp. St. § 9490.

The dominating feature of each mark is the word "Moon," and, as suggested by the Assistant Commissioner, no reason is apparent for the inclusion by appellant of this word in its mark, unless the term had become associated in the mind of the public, through appellee's use of its mark, with goods of this character. As this court many times has said, the range of choice was as wide as the human imagination, and yet appellant saw fit to include in its mark the dominating feature of appellee's mark. We agree with the Patent Office that there is such a likelihood of confusion as to justify the cancellation of appellant's mark. See Nafziger v. Schulze Baking Co., 46 App. D. C. 292; Quaker City Chocolate & Confectionary Co. v. Kernan, 51 App. D. C. 283, 278 Fed. 592.

It results that the decision must be affirmed.

Affirmed.