# HOLLAND FOOD CORPORATION v. H-O CEREAL CO., Inc.

(Court of Appeals of District of Columbia. Submitted January 13, 1926. Decided March 1, 1926.)

No. 1804.

Trade-marks and trade-names and unfair competition ☞45½, New, vol. 7A Key-No. Series—Trade-mark "Hofood" held deceptively similar to trade-mark "H-O" used in connection with word "food," and cancellation of registration of former warranted (Trade-Mark Act 1905, § 13 [Comp. St. § 9498]).

Trade-mark "Hofood" *held* deceptively similar to trade-mark "H-O" used on goods of same descriptive properties and in connection with word "food," and cancellation of registration of the former under Trade-Mark Act 1905, § 13 (Comp. St. 9498), warranted.

Appeal from Commissioner of Patents.

Proceeding by the H-O Cereal Company, Inc., for cancellation of registration of trademark, opposed by the Holland Food Corporation. From a decision of the Commissioner of Patents, canceling registration, the opposer appeals. Affirmed.

J. W. Crandall, of New York City, for appellant.

E. H. Parry, of Washington, D. C. (Edmund H. Parry, of Washington, D. C., and H. Barton Parry, of Buffalo, N. Y., of counsel), for appellee.

Before MARTIN, Chief Justice, ROBB, Associate Justice, and BLAND, Judge of the United States Court of Customs Appeals.

MARTIN, Chief Justice. On July 28, 1920, the Holland Food Corporation applied for registration of the trade-mark "Hofood," claiming continuous use of it since July 1, 1919, for dried fruits, wheat flour, rye flour, corn flour, potato flour, tapioca flour, rolled oats, and olein. Registration was accordingly granted on July 19, 1921.

In the month of April, 1923, the H-O Cereal Company, Inc., applied for the cancellation of this registration, under section 13, Trade-Mark Act of 1905 (Comp. St. § 9498), claiming prior use and registration of the trade-mark "H-O" for rolled oats, flour,

and similar food products; the mark being frequently used by them in combination with the word "food" in labeling such goods, and alleging that the use by registration of the mark "Hofood" would confuse the public and greatly damage the petitioner.

The Examiner of Interferences found upon the evidence that the petitioner for many years continuously had used its registered mark "H–O" on rolled oats, buckwheat and pancake flour, and other like products, and had successfully advertised the mark at great expense. He held that the term "Hofood," being plainly a composite word consisting of "Ho" and "Food," the former being equivalent to petitioner's mark, would naturally suggest to the average purchaser that "H–O" food products and "Hofood" products were of the same origin, thus misleading the public to the petitioner's damage. In support of this view the Examiner cited Talcum Puff Co. v. E. Burnham, 296 F. 1014, 54 App. D. C. 267; Nafziger v. Schulze Baking Co., 46 App. D. C. 292; Quaker City C. & C. Co. v. Kernan, 278 F. 592, 51 App. D. C. 283. The Examiner accordingly sustained the application for cancellation, and recommended that the registration be canceled. The Commissioner of Patents reviewed the record upon appeal, and affirmed the decision of the Examiner.

We do not find it necessary to discuss the evidence in detail, for in our opinion it is clear that the mark "Hofood" in effect consists of the petitioner's registered mark "H–O" in combination with the word "Food," the petitioner being also entitled to use the word "Food," together with its mark, upon its food products, and accordingly that it is deceptively similar to the latter, and that it would be confusing to the public and damaging to the petitioner to have the respective marks used in commerce upon the same kind of goods.

The decision of the Commissioner of Patents is therefore affirmed.

J. W. Crandall, of New York City, for appellant.

E. H. Parry, of Washington, D. C. (Edmund H. Parry, of Washington, D. C., and H. Barton Parry, of Buffalo, N. Y., of counsel), for appellee.