### HECKER–H–O CO., Inc., v. HOLLAND FOOD CORPORATION.

District Court, S. D. New York.   March 13, 1929.

W. Lee Helms, of New York City, for plaintiff.

Hunt, Hill & Betts, of New York City (John W. Crandall, of New York City, of counsel), for defendant.

WINSLOW, District Judge. The plaintiff is a manufacturer of cereal products, its field of operations being both domestic and international. The subject of this particular action is the plaintiff's registered trade-mark, "H–O," which has been used as the name of one of its principal cereal products, an oat food, and, in addition, has been used as a house mark extensively on practically all of its cereal products. It is widely known to wholesalers, jobbers, and retailers, both in this country and abroad, and large sums of money have been spent in advertising. It has enjoyed the exclusive use of the trade-mark for upwards of 32 years.

The defendant is using the word "Hofood," also applied to cereal products. In 1921, the defendant obtained a trade-mark registration under "Hofood" as applied to certain cereal and other products, and in 1922 the defendant filed an application for registration of the same mark for other cereal products. This resulted, in 1923, in proceedings instituted by plaintiff in the United States Patent Office for the cancellation of the trade-mark "Hofood," and that the applied-for mark be denied because of priority of use by the plaintiff of the trade-mark "H–O" in connection wtih the word "Food" on its cereal products, which it, the plaintiff, in fact had used from time to time.

The result of this proceeding in the Patent Office was a decision favorable to the plaintiff, and the defendant's trade-mark was canceled and its application was denied. The Patent Office, in substance, held that the goods of the two parties were identical, and that

the marks were so similar as to tend to cause confusion when standing together in the trade. An appeal resulted in the affirmance by the Court of Appeals of the District of Columbia of the decision of the Commissioner. 56 App. D. C. 189, 190, 11 F.(2d) 575, 576.

The record is quite conclusive that the plaintiff and its predecessors have used the trade-mark "H–O" since 1887, both on labels and advertising, and connected also with the word "Food." It further appears that it has been a house mark to identify plaintiff's products. The defendant is an American corporation located in the state of New York. It purchases oats and wheat flour products, and has the containers marked "Hofood" in the United States, and then such containers are shipped to foreign countries to its customers, who are wholesalers and jobbers. It is claimed by the defendant that the product is removed from the wholesale packages and that the retailers do not use "Hofood" on retail packages. I do not think this is material. The goods are known and described generally as "Hofood."

I am of the opinion that the record sustains the plaintiff's exclusive right to use "H–O" in connection with "Food" on bulk goods, as well as on its retail packages in the United States. A very valuable part of plaintiff's good will is among those of the wholesale trade, as well as among retailers. If the defendant has the right to use the word "Hofood" at all on cereal products, it could, if desired, use such mark both on retail packages and wholesale packages, or on any containers. The method of use may or may not be identical as to the form of the containers, but the product is of similar origin, and I believe that confusion, not only may be present, but prospective, if the defendant has the right to use its mark "Hofood."

The defendant affixes its mark in the United States on the containers, and these goods are shipped from the port of New York, the case of Vacuum Oil Co. v. Eagle Oil Co. (C. C.) 154 F. 867, is pertinent and applicable. It was there contended that the court was without jurisdiction, and that the alleged infringing acts were performed outside of the United States; but, inasmuch as the instigation of the plan and the direction thereof took place in the United States, it was in substance held that the infringement began in this country. An injunction was issued. There can be no question that the trade-mark "Hofood" is affixed to containers in the United States by the defendant, which, I think, brings the alleged improper acts within section 16 of the Trade-Mark Act (15 USCA § 96).

The intention of the defendant to infringe, or actual confusion, may not be necessary of proof, where the plaintiff's ownership and right are unquestioned. And specific instances of confusion or deception are not required. In like manner, it is not necessary to hold that actual damages have been sustained by the plaintiff. Hutchinson, Pierce & Co. v. Loewy (C. C. A.) 163 F. 43.

Counsel asked the court to take special cognizance of the fact that the method of use of the trade-marks by the litigants at the present time is less important than the natural changes of the condition of the trade of the future. The plaintiff, if it desires, may sell in bulk, and again the defendant may change its bulk packages to retail packages.

The court has jurisdiction of the defendant. See Vacuum Oil Case, Supra; Holland Furnace Co. v. New Holland Machine Co. (D. C.) 24 F.(2d) 751. In this latter case, it was held that there was an invasion of plaintiff's rights, even before final purchase, even if the buyer learns whose goods he is buying.

My conclusion is that plaintiff's trade-mark "H–O" is valid, and that plaintiff is entitled to the exclusive use of the same, either with or without the word "Food" added and attached to the containers of its products.

Decree for plaintiff.