## HECKER H–O CO., Inc., v. HOLLAND FOOD CORPORATION.

Circuit Court of Appeals, Second Circuit.
December 9, 1929.

No. 95.

Hunt, Hill & Betts, of New York City (John W. Crandall, of New York City, of counsel), for appellant.

W. Lee Helms, of New York City, for appellee.

Before MANTON, L. HAND, and MACK, Circuit Judges.

MANTON, Circuit Judge. Appellant and appellee manufacture cereal products. The appellee manufactures and sells in both domestic and foreign commerce, and, while the appellant manufactures its cereal products in this country, it sells only in foreign commerce. The appellee's mark is "H–O." The appellant uses the mark "HOFOOD." The mark H–O had been used by the appellee and its predecessors since 1887, and the trade-mark was registered on May 13, 1919.

In 1921, the appellant obtained a registered trade-mark for "HOFOOD" as applied to cereal products, and in 1922 filed an application for registration of the same mark for other cereal products. Thereupon the appellee filed proceedings in the United States Patent Office, praying that the appellant's registered mark be canceled, and that the applied-for mark be denied registration, because of the priority of use of substantially the same mark, to wit, "H–O" of the appellee, in connection with the word "food." The Court of Appeals of the District of Columbia affirmed the vacation of the appellant's trade-mark, and it was denied registration. Holland Food Corp. v. H–O Cereal Co., 56 App. D. C. 189, 11 F.(2d) 575.

The appellant purchases cereal products, including rolled oats, semolina flour, and cattle food, from manufacturers in the United States, and packages them in boxes and barrels, and applies to such containers the word "HOFOOD." These are shipped from American ports to foreign countries, including England, Holland, Belgium, Switzerland, and Greece.

The injunction granted below directed that the appellant be permanently enjoined from marketing or selling cereal foodstuffs under the name "HOFOOD," and further from affixing the mark "HOFOOD" on containers for cereal foodstuffs, and from other-

wise infringing the trade-mark rights of the appellee in and to the trade mark "H–O." The appellant contends that it cannot be enjoined from the sale of its product bearing the infringing trade-mark in the respective foreign countries referred to. The Trade-Mark Act of February 20, 1905 (33 Stat. 724, 728) § 16 (15 USCA § 96), provides:

"That the registration of a trade-mark under the provisions of this act shall be prima facie evidence of ownership. Any person who shall, without the consent of the owner thereof, reproduce, counterfeit, copy, or colorably imitate any such trade-mark and affix the same to merchandise of substantially the same descriptive properties as those set forth in the registration, or to labels, signs, prints, packages, wrappers, or receptacles intended to be used upon or in connection with the sale of merchandise of substantially the same descriptive properties as those set forth in such registration * * * such reproduction, counterfeit, copy, or colorable imitation in commerce among the several States, or with a foreign nation, * * * shall be liable * * * at the suit of the owner thereof. * * *"

Labeling packages, boxes, and barrels with the mark "HOFOOD," and sending them into foreign commerce for sale in foreign countries, was a violation of the Trade-Mark Act. The merchandise thus prepared was shipped from ports of the United States and intended for foreign commerce, and the courts of the United States have jurisdiction to restrain these acts performed within the United States. Vacuum Oil Co. v. Eagle Oil Co. (C. C.) 154 F. 867. We do not examine the question of whether, if the label were affixed in foreign countries, it would violate the provisions of section 16 of the Trade-Mark Act. It is sufficient for decision here to hold that the acts of the appellant in affixing its mark in this country, and infringing the trade-mark, violate the act.

The decree entered below is intended to be obeyed by the conduct of the appellant within the United States; that is the extent of the jurisdiction of the court in commanding obedience.

Appellant argues, further, that the two marks are not in conflict, and that there is no infringement. This question has been decided adversely to it by the Court of Appeals for the District of Columbia. Holland Food Corp. v. H–O Cereal Co., supra. The claim that the appellant had no intention to infringe the "H–O" mark is unimportant; for in this suit for infringement of a trade-mark, where the appellee owns and holds a registered mark, the intention of the appellant to infringe, and whether appellee has sustained damages, are immaterial. Lawrence Co. v. Tennessee Co., 138 U. S. 537, 11 S. Ct. 396, 34 L. Ed. 997; Hutchinson, Pierce & Co. v. Loewy (C. C. A.) 163 F. 43; Gannert v. Rupert (C. C. A.) 127 F. 962.

Decree affirmed.