**CELOTEX CO. v. CHICAGO PANEL-STONE CO.**

No. 2887.

Court of Customs and Patent Appeals.

June 1, 1931.

See also 49 F.(2d) 1048, 1053.

Charles M. Thomas, of Washington, D. C., Samuel E. Darby, Jr., and John S. Bradley, both of New York City (William E. Seaver, of Washington, D. C., of counsel), for appellant.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal in a trade-mark opposition proceeding from the decision of the Commissioner of Patents dismissing the opposition of appellant and holding that appellee was entitled to the registration of the mark "Opal-Tex" for use on ornamental wall board.

In its application for registration, filed November 27, 1928, appellee alleged that it had used its alleged trade-mark "Opal-Tex" since June 4, 1928.

In its notice of opposition, appellant alleged that it was the owner of the trade-mark "Celotex" for use on wall board and similar building materials; that its trade-mark was registered on July 29, 1924, on an application filed March 5, 1924; that appellant had built up an extensive business in interstate and foreign commerce for its products, sold under the trade-mark "Celotex"; that it had expended large sums of money in advertising its goods and its trade-mark and had popularized them throughout the United States and in foreign countries; that the goods of the respective parties possessed the same descriptive properties; that the marks were confusingly similar; and that the registration to appellee of the trade-mark "Opal-Tex" would create confusion in the mind of the public, and make it convenient for unscrupulous dealers to pass off the goods of appellee for those of appellant, to the injury of both appellant and the general public.

In its answer, appellee denied each of the allegations contained in the notice of opposition, and stated that it was without knowledge, except as shown in the notice of opposition, that appellant had extensively advertised and popularized its trade-mark "Celotex," or that it had built up an extensive business in interstate and foreign commerce.

It appears from the record that appellant began the manufacture of wall board in 1921; that, from the year 1922 to 1929, inclusive, its production increased from 18,000,000 square feet of "Celotex" to approximately 500,000,000 square feet per year; that its products are marketed in the United States through approximately 7,000 retail lumber dealers, by building material dealers, hardware dealers, and others; that its products are sold under the trade-mark "Celotex" throughout the United States and in "82 foreign countries"; that its sales increased from $1,241,826.18, for the year 1923, to $10,311,569, for the year 1928; that its products and trade-mark have been advertised in magazines, such as The Saturday Evening Post, and otherwise throughout the United States and in foreign countries; that from the year 1923 to the year 1928, inclusive, appellant had expended $3,579,059 in advertising its products and trade-mark; that its products have come to be known as "Celotex"; and that "Celotex" is used as sheathing for structures, replacing wood lumber, as an exterior and interior finish for buildings, as a base for plaster, for the deadening of sound, and for "acoustical corrections" in buildings, as a lining under carpets, as insulating material in the refrigeration industry, and for other purposes.

On this record, the tribunals of the Patent Office concurred in holding that the goods of the parties were substantially identical and possessed the same descriptive properties; that appellant had adopted and used and had expended large sums of money in advertising and popularizing its trade-mark "Celotex," and had extensively advertised and popularized its "Celotex products" throughout the United States and in foreign countries, long prior to the adoption by appellee of its trade-mark "Opal-Tex" for use on similar goods; and that, if there was probability of confusion, appellee was not entitled to the registration of its mark. They held, however, that, with the exception of the suffix "tex," the marks were wholly dissimilar in appearance, sound, and meaning; that the suffix was a minor portion of the involved marks and had been registered by others for use on similar goods, prior to appellant's registration; that the concurrent use of the involved marks would not be likely to cause confusion; and that, therefore, appellee was entitled to have its mark registered.

Preliminary to a discussion of the involved issues, we may say that counsel for appellee has not appeared in this court to present any reasons, orally or otherwise, why the decision of the Commissioner of Patents should be sustained.

Appellee set out in its answer several registrations of trade-marks including the syllable "tex." However, those registrations do not appear in the record and there is nothing to indicate that any of them were used on goods possessing the same descriptive properties as those involved in this proceeding. Furthermore, it is not contended here that appellee was the first to adopt and use a trade-mark ending in the suffix "tex."

Accordingly, it will be presumed, for the purposes of this decision, that appellant's registration is valid. Van Camp Sea Food Co., Inc., v. Westgate Sea Products, 48 F. (2d) 950, 18 C. C. P. A. ——, and cases therein cited.

It appears from the record that appellant has expended large sums of money in advertising its products and its trade-mark in magazines read by millions of people, and through other advertising mediums. Nevertheless, appellee, in its answer, stated that it had no knowledge, except as alleged in the notice of opposition, that appellant had built up an extensive business, there was any public demand for its products, or that the trade-mark "Celotex" had been extensively advertised, and denied that the registration of the mark "Opal-Tex" for use on its goods would enable unscrupulous dealers to pass off the goods of appellee for those of appellant. No evidence was offered by appellee to substantiate any of these allegations.

That the goods of the respective parties possess the same descriptive properties and are used, or intended to be used, for the same purposes, and that they are sold, or intended to be sold, through the same mediums to the general public, is obvious. Accordingly, the sole question for our consideration is: Would the concurrent use of the marks "Opal-Tex" and "Celotex" by the respective parties be likely to cause confusion in the mind of the public and deceive purchasers?

The trade-marks are not identical in appearance, meaning, or sound. However, we are unable to agree with the conclusion reached by the Patent Office tribunals that the suffix "tex" is a minor feature of appellant's trade-mark. On the contrary, we are of opinion that the suffix "tex" is an important and distinctive, if not the dominant, feature of the mark "Celotex"; and that the public would observe and remember that particular feature of the mark. Of course, appellant is not entitled to the exclusive use of every trade-mark formed by the use of the syllable "tex," but, when, as in the case at bar, a newcomer in the field uses the syllable "tex" as a suffix, with a prefix not sufficiently dissimilar from the prefix of the registered mark to prevent confusing similarity of the marks as a whole, the registrant must be given the full measure of protection intended to be conferred by the statute, "the general purpose of which [nothing appearing therein to the contrary] is to prevent one person from passing off his goods or his business as the goods or business of another." American Steel Foundries v. Robertson, Commissioner, et al., 269 U. S. 372, 46 S. Ct. 160, 162, 70 L. Ed. 317, and cases therein cited; B. F. Goodrich Co. v. Clive E. Hockmeyer et al., 40 F.(2d) 99, 17 C. C. P. A. 1068.

Considering the marks as a whole, therefore, as should be done in cases of this character, we are of opinion that the use by appellee of the mark "Opal-Tex" on its goods, concurrently with the use by appellant of its widely advertised and well-known trade-mark "Celotex" for use on its goods, would be likely to cause confusion in the mind of the public and would tend to cause, as claimed by counsel for appellant, unscrupulous dealers to pass off the goods of appellee for those of appellant; and that the

public would be confused, not only as to the goods, but as to their origin. Whether this is an instance of trade-mark piracy, as argued by counsel for appellant, need not be considered by us. However, the observation, many times reiterated in cases of this character that, except in widely separated fields of activity, which is not the case here, there can be no reasonable excuse for a newcomer to adopt and use a trade-mark confusingly similar to the established mark of another on goods of the same descriptive properties, has particular application to the facts in this case.

For the reasons stated, the decision of the Commissioner of Patents is reversed.

Reversed.