## AMERICAN PRODUCTS CO. v. BRAITHWAITE.

Patent Calendar No. 28.

Court of Customs and Patent Appeals.
Nov. 27, 1931.

Walter F. Murray and Frank L. Zugelter, both of Cincinnati, Ohio (Charles D. Davis, of Washington, D. C., of counsel) for appellant.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

LENROOT, Associate Judge.

This is an appeal from a decision of the Commissioner of Patents, affirming a deci-

sion of the examiner of interferences, dismissing an opposition filed by appellant against the application of appellee for registration of a trade-mark for a greaseless cleansing cream. The said mark consists of the words "Allsworth Sanlo Greaseless Cleansing Cream," in which the word "Sanlo" is prominently featured, the other words being disclaimed apart from the mark shown.

Appellant claims prior use, upon the same kind of goods, of a trade-mark consisting of the word "Zanol," which mark is the basis of the following registrations owned by appellant, and set up in its notice of opposition herein: 81,313, of March 21, 1911; 136,540, of November 2, 1920; 116,341, of April 24, 1917; 117,277, of June 26, 1917; 177,112, of December 11, 1923.

Appellant uses the mark "Zanol" upon a variety of cosmetics, food products, beverages, etc. Registration No. 117,277 is for said mark applied to a number of cosmetic preparations, medicines, etc. The date of issue is June 26, 1917, which is prior to the earliest date claimed by appellee, viz., August, 1921. Both the Examiner of Interferences and the commissioner found that the goods upon which the marks of the respective parties are used are of the same descriptive properties, and we agree with this finding.

The opposition is based upon the confusion in trade clause of section 5 of the Trade-Mark Act of February 20, 1905 (15 USCA § 85), and, the goods being of the same descriptive properties, the issue is whether the marks themselves are so similar as to be likely to cause confusion or mistake in the mind of the public, or to deceive purchasers.

There is found in the record a stipulation entered into between the parties hereto to the effect that if appellee were called as a witness he would give certain testimony which is set out in the stipulation.

Appellee filed no brief herein, and was not represented at the oral argument of this appeal.

While both the commissioner and the examiner held that the marks in issue were so dissimilar as to render confusion in trade improbable, we cannot assent to that view.

Each mark contains five letters; four of the five are common to both marks; the second and third letters of each mark, viz., "a" and "n" are the same and in the same order; the last two letters of each mark are the same, but the "ol" in Zanol is transposed in appellee's mark to "lo." The first letter of appellant's mark is "Z," while the first letter of appellee's mark is "S." The two letters "Z" and "S" have a quite similar sound in pronouncing the words "Zanol" and "Sanlo."

"Zanol" is an arbitrary word, as is also "Sanlo," but they so nearly resemble each other that, in our opinion, they are confusingly similar when both are used upon toilet creams.

In the case of Celanese Corporation of America v. Vanity Fair Silk Mills, 47 F. (2d) 373, 375, 18 C. C. P. A. (Patents) 958, this court, speaking through Judge Hatfield, said, in discussing the marks "Celanese" and "Silkenese": " * * * It is true that the marks are not identical and that they differ to some extent both in sound and appearance. However, the public should not be required to analyze trade-marks with scrupulous care, nor should it be compelled to resort to a study of etymology in order to avoid confusion and mistake. * * * "

It appears from the evidence that appellant is engaged in the manufacture of toilet preparations, pharmaceuticals, and household supplies, upon which it uses its trade-mark "Zanol"; that its annual business in such products was, at the time the testimony was taken, in excess of $3,000,000; that its annual business in creams of various kinds is in excess of $100,000; and that it annually expends in national advertising of its products bearing said mark a sum in excess of $200,000.

Appellee and his predecessor had the choice of countless combinations of letters to form an arbitrary trade-mark that would in no wise resemble appellant's mark. There was not the slightest occasion, in making a selection of a trade-mark, for entering into the field of one whose business is well known and established.

While we recognize that the tribunals of the Patent Office agree that confusion in trade is improbable from the use of the two marks, and such fact is persuasive of the correctness of their conclusion, we think that upon the facts in the case it should be held that the marks are confusingly similar, or that there is at least a reasonable doubt upon that question; and, under the well-settled rule applicable in this character of cases, such doubt must be resolved against the newcomer, the appellee herein. Annie M. Malone v. Morris Max Horowitz, 17 C. C. P. A. (Patents) 1252, 41 F. (2d) 414.

The decision of the Commissioner of Patents is reversed.

Reversed.