## BUCKEYE SODA CO. v. OAKITE PRODUCTS, Inc.

### Patent Appeal No. 2901.

Court of Customs and Patent Appeals.
March 28, 1932.

Henry C. Thomson and Charles D. Woodberry, both of Boston, Mass. (A. V. Cushman of Washington, D. C., of counsel), for appellant.

Louis Alexander, of New York City, for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal in a trade-mark cancellation proceeding from the decision of the Commissioner of Patents reversing the decision of the Examiner of Interferences dismissing appellee's application for the cancellation of appellant's registration No. 225,-151, issued March 15, 1927, for the trademark "Novite" for use on "washing soda."

Appellee is the owner of registration No. 80,287, issued November 29, 1910, to appellee's predecessor, the Oakley Chemical Company, for the trade-mark "Oakite" for use on "a granulated chemical cleansing compound."

It is conceded by counsel for appellant that the goods of the respective parties possess the same descriptive properties, and that appellee used its mark "Oakite" long prior to appellant's adoption and use of the mark "Novite."

The sole issue in the case is whether appellant's registered mark "Novite" so nearly resembles appellee's registered mark "Oakite" as to be likely to cause confusion or mistake in the mind of the public or to deceive purchasers.

The Examiner of Interferences held that the marks were not confusingly similar.

The Commissioner of Patents held that the marks were confusingly similar, reversed the decision of the Examiner of Interferences, sustained the petition for cancellation, and ordered appellant's registration cancelled.

It appears from the record that appellee has expended a large sum of money, about $2,000,000, in advertising its trade-mark and its product in "newspapers, trade-magazines, radio, car cards, posters in elevated and subway stations, food fairs and exhibits, window posters, [and] counter displays," substantially throughout the United States, and that its sales amount to approximately $2,000,000 per year. It further appears from the record that the goods of the respective parties are competitive, and are sold in small packages in grocery, department, and hardware stores.

It is contended by counsel for appellant that the only similarity in the marks is the suffix "ite"; that the prefix "Nov" of appellant's mark does not resemble the prefix "Oak" in appellee's mark; and that therefore the marks are not confusingly similar. Counsel for appellant further contends that, if the involved marks are confusingly similar, appellee's mark is confusingly similar to the registered mark "Orite," owned and used by a third party upon a gun cleaning and lubricating material, and that therefore "appellee has always been, and still is an infringer without a property right in its mark, and coming into court with unclean hands, is barred."

With regard to the last contention of counsel for appellant, it is sufficient to say that there is nothing in this record to establish that appellee is infringing upon the rights of the owner of the registered trade-mark "Orite."

Considerable testimony was submitted by the parties relative to the existence of actual confusion resulting from the concurrent use of the involved trade-marks. We deem it unnecessary, however, to consider the various arguments presented by counsel relative to this testimony.

It is true, as argued by counsel for appellant, that the marks are not identical, but differ, to some extent, both in sound and in appearance. However, they do closely resemble one another. The goods of the parties are common and widely used household articles, and are sold to the same class of people. Nevertheless, appellant, with knowledge of the value and popularity of the old and established trade-mark of appellee, selected a trade-mark closely simulating it.

We have held on several occasions that the general purpose of the law of trade-marks is to "prevent one person from passing off his goods or his business as the goods or business of another"; and that the purchasing public ought not to be required to dissect trade-marks in order to prevent confusion and deception.

Considering the character of the goods of the parties, the places where, and the people to whom, they are sold, we think that the involved trade-marks, considered as a whole, so nearly resemble one another that the use by appellant of its mark, concurrently with the use by appellee of its mark, would be likely to cause confusion and mistake in the

mind of the public and would result in damage to appellee.

Appellee, of course, is not entitled to a monopoly of the suffix "ite." However, as we said in substance in the case of Celotex Co. v. Chicago Panelstone Company, 49 F.(2d) 1051, 18 C. C. P. A. 1504, when appellant, a newcomer in the field, adopts and uses a mark having the suffix "ite" and a prefix not sufficiently dissimilar to the prefix of appellee's mark to prevent confusing similarity of the marks as a whole, appellee is entitled to the relief intended to be afforded by the statute.

We think that the Commissioner of Patents reached the right conclusion, and his decision is affirmed.

Affirmed.