MARVLO MILLS, INC., Plaintiff, *v.* MARVEL MILLS, INC., Defendant.

Supreme Court, Special Term, New York County, March 31, 1939.

*Otto A. Samuels*, for the plaintiff.

*Morris Wagman*, for the defendant.

COTILLO, J. This action, in which the plaintiff is seeking an injunction to restrain the defendant from using its name on the ground of unfair competition, was submitted to this court on an agreed statement of facts. Plaintiff has waived any claim for damages. The facts conceded are as follows: The plaintiff Marvlo Mills, Inc., is a New York corporation incorporated on December 15, 1925. The defendant Marvel Mills, Inc., is also a New York corporation incorporated on June 8, 1938. The certificate of the plaintiff was recorded with those relating to names of corporations in the Trade-Mark Division of the United States Patent Office on April 29, 1937. The plaintiff is engaged in the business of converting and selling cotton and other textile fabrics, and its sales over the past ten years have averaged about $2,500,000 a year. Its products are sold throughout the United States, and not only does it advertise under the name of Marvlo but also by concerns from whom it buys its material, such as American Viscose Corp., National American Rayon Corp., American Bemberg Corporation and Dupont. The name Marvlo is featured in the conduct of this business.

The defendant, before taking the name Marvel Mills, Inc., submitted the following list of names to the Secretary of State: " United Mills, Inc.," " New Bedford Mills, Inc.," " Associated Mills, Inc.," and " United Mills of New Bedford," and was informed that these names were not available for use in the State of New York. It then submitted the following names: " Fidelity Mills, Inc.," " Alpha Mills, Inc.," " Marvel Mills, Inc.," " Liberty Mills, Inc.," " New England Mills, Inc.," " Easton Mills, Inc.," " Metro Mills, Inc.," " Master Mills, Inc.," " Modern Mills, Inc.," " Great American Mills, Inc.," and " Integrity Mills, Inc." The Secretary of State then advised that the name " Marvel Mills, Inc.," was available for use and was adopted by the defendant. The defendant's business consists of an embroidery business. It does its embroidering in New Bedford, Mass., and its selling in New York. It embroiders pillow cases, bed sheets and dress goods. The

embroidered cases and bed sheets are only sold wholesale to jobbers and the embroidered dress goods are made for dress manufacturers. The embroidery is done on cotton goods, wool, rayon and all kinds of textiles.

The plaintiff first became aware of the defendant's name on August 10, 1938, when a notice appeared in the " Womans Wear Daily," a trade publication, of the defendant's incorporation and the fact that it had taken over the plant of the United Lace and Embroidery Co. A notification to discontinue the use of the name was immediately sent by the plaintiff. Confusion evidently exists, although neither company is in competition with the other. The court finds from the facts as stipulated that the defendant did not deliberately chose its name for the purpose of obtaining any advantage of the good will that had been built up by the plaintiff. However, it will be observed that the names themselves are almost identical. Each name contains thirteen letters, twelve of which are exactly alike. The pronunciation of each word " Marvel " and " Marvlo " sound similar enough to cause confusion, and " Marvlo " is a sufficient imitation of " Marvel " to mislead even if .it was not done deliberately. The mere fact that the business of the plaintiff and defendant differ is of no consequence. Mr. Justice McCook, in *Yardley of London, Inc.*, v. *Yardley Shoes, Inc.* (N. Y. L. J. Dec. 12, 1938, p. 2092), correctly stated the law on that proposition: " There can be no competition, is the argument, and therefore no remedy. Such has not been the law for more than ten years. The Federal and State courts are in harmony. Defendant has cited no current authorities in its favor, for there are none. On the other side the precedents are abundant, and it is necessary to mention a few only where the sharpest contrasts of unlike products were held of no avail to defeat relief: Radio sets versus razor blades (*Philadelphia, etc., Co.* v. *Mindlin,* 163 Misc. 52); tobacco accessories versus shirts (*Alfred Dunhill, etc.,* v. *Dunhill Shirt Shop, Inc.,* 3 F. Supp. 487); jewelry versus motion pictures (*Tiffany & Co.* v. *Tiffany Productions, Inc.,* 147 Misc. 679; affd., 237 App. Div. 801; affd., 262 N. Y. 482); meat products versus rubber tires (*Armour & Co.* v. *Master Tire & Rubber Co.,* 34 F. [2d] 201); magazines versus hats (*Vogue Company* v. *Thompson-Hudson Co.,* 300 Fed. 509; 273 U. S. 706); cameras versus bicycles (*Eastman, etc., Co.* v. *Griffiths Cycle Corp.,* 15 R. P. C. 105)."

The name " Marvlo " is an arbitrary or fanciful designation and is capable of exclusive appropriation as a trade-mark and the word " Marvel " is sufficiently similar to be enjoined in view of the prior usage of the word " Marvlo " by plaintiff.

Judgment for plaintiff. Findings passed upon. Settle order on one day's notice.