UNITED DRUG CO. v. OBEAR-NESTER GLASS CO.

No. 11636.

Circuit Court of Appeals, Eighth Circuit.

May 13, 1940.

998

Delos G. Haynes, of St. Louis, Mo. (John D. Pope, III, of St. Louis, Mo., on the brief), for appellant.

Lawrence C. Kingsland, of St. Louis, Mo. (Estill E. Ezell and Edmund C. Rogers, both of St. Louis, Mo., on the brief), for appellee.

Before SANBORN, THOMAS, and VAN VALKENBURGH, Circuit Judges.

THOMAS, Circuit Judge.

The ultimate question for determination on this appeal is whether the registered trade-mark "Rex" imprinted upon glass prescription bottles is infringed by the use of the words "The Rexall Store" imprinted upon glass bottles used for the same purpose and sold in the same trade territory in interstate commerce.

The plaintiff in the district court, appellee, is the owner of the trade-mark Rex. In the court below it charged infringement by the appellant and sought an injunction against further alleged use, an accounting and award of profits and damages, and costs. The court granted the relief demanded and the defendant appeals.

In brief the court found the following facts: The plaintiff is a Missouri corporation having a place of business in St. Louis, Missouri. The defendant, United Drug Company, is a Delaware corporation doing business in the State of Missouri, with an office and place of business in St. Louis.

The plaintiff's trade-mark Rex used on bottles was registered under U. S. Code, Title 15, § 96, 15 U.S.C.A. § 96, August 23, 1927, through registration certificate No. 231,759, in which the date of first use is stated as January 2, 1896, since which date the mark has been used continuously on prescription bottles. The plaintiff's business in bottles bearing its trade-mark Rex has been substantial and of national distribution since long prior to the first use of defendant's trade-mark.

The defendant has registered its trade-marks, Rex, Rexall, and The Rexall Store, at least 12 different times for a wide variety of articles, including brushes, razors, pipes, twine, and thermometers.

The defendant began the application of its Rexall trade-mark to the prescription bottles in 1931. Its sales to the present time have been to two types of stores. The first class consists of agents who operate under contract with defendant, and the second consists of wholly owned subsidiaries of defendant. The mark extends along a panel of the bottle and has Rexall in very much larger and more prominent letters than the other two words, "The" and "Store", so that only Rexall attracts attention.

The defendant knew of the application of the trade-mark Rex to prescription bottles by the plaintiff when it first applied its mark in 1931 through correspondence with the plaintiff.

At the time the defendant began the use of its Rexall mark on prescription bottles in 1931, it knew that Rexall had been held confusingly similar to Rex in 1904 by the Supreme Judicial Court of Massachusetts (Regis v. H. A. Jaynes & Co., 185 Mass. 458, 70 N.E. 480), and that "Rex-A-Cold" had been held confusingly similar to "Rexall Cold Tablets" (the trade-mark per se being Rexall) by the patent office in 1930.

Notwithstanding the defendant informed the plaintiff by correspondence in 1932 that it would discontinue furnishing bottles bearing its Rexall mark, it continued its use on prescription bottles without notice to the plaintiff, and in so doing it was guilty of bad faith.

Finally, the court found that there is a manifest likelihood of confusion in the minds of purchasers between prescription bottles, some of which bear the plaintiff's Rex mark and others of which bear the defendant's Rexall mark.

Upon these findings the court concluded as a matter of law that the defendant has infringed upon the plaintiff's trade-mark Rex and upon the good will thereunder, and that plaintiff is entitled to the full relief for which it prayed.

The defendant admits the use of the accused mark in interstate commerce, and maintains that it does not infringe upon plaintiff's mark. It contends that the court erred (1) in holding by implication that the defendant sold bottles with the simple word Rexall blown therein, and that sales were not limited to proprietors of Rexall stores; (2) in holding that only the word Rexall in the composite phrase "The Rexall Stores" attracts attention; (3) in holding that the defendant is guilty of bad faith after the correspondence in 1932; and (4) in holding that there is likelihood of confusion.

The first contention, that the court impliedly found that defendant sold bottles bearing the word Rexall only and that its sales have not been limited to the Rexall stores, is contrary to the express findings of the court, and is without merit.

■ The contention that the court erred in finding that in defendant's mark the word Rexall being printed in much larger and more prominent letters than the other two words is the only one which attracts attention is also without merit. The court's finding is based upon an obvious fact, and this court can not say that it is clearly erroneous. Rule 52(a), Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

■ The finding of the court that the defendant's continued use of its Rexall mark on prescription bottles without notice to plaintiff after 1932 was in bad faith is also supported by substantial evidence. In May, 1932, plaintiff notified defendant that its use of Rexall on prescription bottles was an infringement of the plaintiff's mark Rex, and in June defendant's counsel wrote counsel for plaintiff saying "we will discontinue the furnishing of these bottles when the present supply of our manufacturer is exhausted." There was then added, "We may at some time again supply such bottles to Rexall druggists." By no means do we now promise or agree not to do so." The defendant did not in fact discontinue to furnish bottles bearing the Rexall mark and gave the plaintiff no further notice of its continued practice. Its conduct supports the finding of the court. The finding of the court, however, is immaterial upon the issue of infringement. Infringement does not depend upon the good faith or the bad faith of the infringer. It is the fact that matters. Saxlehner v. Siegel-Cooper Company, 179 U.S. 42, 21 S.Ct. 16, 45 L.Ed. 77; Gehl v. Hebe Co., 7 Cir., 276 F. 271, 273; Hecker H-O Co., Inc., v. Holland Food Corporation, 2 Cir., 36 F.2d 767, 768. Good faith may have an effect upon the measure of damages recoverable under the statute, 15 U.S.C.A. § 96, but it has no bearing upon the question of infringement. S. S. Kresge Co. v. Winget Kickernick Co., 8 Cir., 96 F.2d 978, 988; Queen Mfg. Co. v. Isaac Ginsberg & Bros., 8 Cir., 25 F.2d 284, 287; Thaddeus Davids Co. v. Davids Mfg. Co., 233 U.S. 461, 471, 34 S.Ct. 648, 58 L.Ed. 1046, Ann. Cas.1915B, 322.

■ The defendant argues most seriously that the use of the word Rexall does not infringe the mark Rex. Its first reason to support this contention is that the law of trade-marks is but a branch of the law of unfair competition. As an abstract statement this is true, Hanover Star Milling Company v. Metcalf, 240 U.S. 403, 36 S.Ct. 357, 60 L.Ed. 713; S. S. Kresge Co. v. Winget Kickernick Co., supra, but it does not affect the issues in this case. The statute, 15 U.S.C.A. § 96, governing the rights of the parties declares that the owner of a registered trade-mark is entitled to recover damages against one who "colorably imitate[s]" his mark and affixes the imitation to "merchandise of substantially the same descriptive properties as those set forth in the registration." The test of whether a trade-mark is infringed has frequently been stated to be whether "an ordinarily prudent purchaser be liable to purchase the one, believing that he was purchasing the other." S. S. Kresge Co. v. Winget Kickernick Co., supra, 96 F.2d at page 987, and cases there cited. It is defendant's contention that the court erred in finding that there is manifest likelihood of confusion in the minds of purchasers between prescription bottles, some of which bear the plaintiff's mark and others of which bear the defendant's mark. It is said that there cannot be confusion because there are only two groups of purchasers of defendant's prescription bottles. They are the operators of Rexall drug stores and the purchasers of prescriptions. The fallacy in this contention is that if defendant has a right to sell to Rexall drug stores it also has a right to sell to all other drug

stores. It is next asserted that there is no evidence of actual confusion. This is of no moment. It is sufficient if the proof shows that purchasers are likely to be deceived or confused. Kann et al. v. Diamond Steel Co., et al., 8 Cir., 89 F. 706, 707, 710; Gannert v. Rupert, 2 Cir., 127 F. 962; Consolidated Ice Co. v. Hygeia Distilled Water Co., 3 Cir., 151 F. 10, 12.

An examination of the record is convincing that the court did not err in finding infringement. The similarity of appearance of the two marks, of the spelling, of the sound, and the fact that the marks are used on the same kind of merchandise, all justify the inference that purchasers are likely to be deceived by defendant's mark. This conclusion is strengthened by the finding of the Supreme Judicial Court of Massachusetts in the case of Regis v. H. A. Jaynes & Co., supra, and by the decision of the patent office in a similar case. It would needlessly extend this opinion to discuss analogous cases.

The judgment appealed from is affirmed.