### GEORGE W. LUFT CO., Inc., v. ZANDE COSMETIC CO., Inc., et al.

District Court, S. D. New York.

Dec. 30, 1942.

Breed, Abbott & Morgan, of New York
City (Charles H. Tuttle and Gerald J.
Craugh, both of New York City, of coun-
sel), for plaintiff.

604

Frederick L. Kane, of New York City, for Zande Cosmetic Co., Inc.

Stephen D. Finale, of New York City (Maurice J. Moore of New York City, of counsel), for Aristides Tsirkas.

GODDARD, District Judge.

This is a suit for trade-mark infringement and unfair competition. The plaintiff, the registered owner of the trade-mark "Tangee" for lipsticks, rouge and other cosmetics, seeks an injunction against the defendants' use of the word "Zande" or "Viz-Zan-De" as a trade-mark for similar products and the use of the defendants' corporate name; also an accounting. There is no diversity of citizenship, both plaintiff and defendant being New York corporations. Jurisdiction is founded upon the Federal Trade-Mark Act of February 20, 1905, 15 U.S.C.A. § 81 et seq. The defendant, Aristides Tsirkas, who controls and manages the corporate defendant, is a resident of New York.

The trade-mark "Tangee" was adopted for its products by The George W. Luft Company, Inc., the predecessor of the plaintiff and of identical name with that of plaintiff in December, 1920, and has been used by plaintiff and its predecessor continually since that time. Its products have been widely advertised and sold throughout the United States and many foreign countries, and for years has been the largest selling lipstick in America.

Plaintiff's trade-mark "Tangee" was first registered in the United States Patent Office on January 15, 1924; that registration covered lipstick and rouge. Plaintiff's registration No. 192,049, dated November 24, 1924, covers complexion powder, face lotions and nail polish. Plaintiff's registration No. 214,022, dated June 15, 1929, covers lipstick, creme rouge, compact rouge, cleansing cream, etc. Plaintiff's registration No. 338,256, dated September 1, 1936, covers the word "Tangee" and certain decorative matter upon the package then used by plaintiff; also face powder and rouge.

In 1932 the defendant Tsirkas became connected with Michel Cosmetics, Inc., organized by George L. Michel, formerly Chief Chemist for the plaintiff and uncle by marriage of Tsirkas. Through the association of Tsirkas with the Michel Cosmetics, Inc., he learned of the formula used by it which he knew differed only in color from that employed by the plaintiff.

In 1934 Tsirkas was discharged by Michel Cosmetics, Inc., and caused the corporate defendant Zande Cosmetics Co., Inc., to be organized, using as a trade-mark "Zande". In adopting the trade-mark "Zande" Tsirkas was quite aware that the plaintiff had built up a large business in the same line of goods which he planned to sell. He was also aware that while the general public did not know the name of the manufacturer, the plaintiff's products had become widely known to the public through its trade-mark "Tangee". All the stock of Zande Cosmetic Co., Inc., which was issued and outstanding, was paid for by Tsirkas with his own money but was issued in the name of his wife, who was made and is the nominal president of the company, but he dominates and directs its affairs and is now vice-president and manager. It was obvious at the trial that the wife was a mere figurehead and knew little or nothing about the company's affairs. The circumstances disclosed at the trial created a strong suspicion that he was anxious to conceal his own identity with the company. He is a proper defendant. See Saxlehner v. Eisner, 2 Cir., 147 F. 189; certiorari denied 203 U.S. 591, 27 S.Ct. 778, 51 L. Ed. 331; Williams Soap Co. v. J. B. Williams Soap Co., 7 Cir., 193 F. 384; Crown Cork & Seal Co. of Baltimore v. Brooklyn Bottle Stopper Co., C.C., 172 F. 225.

In June, 1935, plaintiff, learning that defendants were using the name "Zande" for the same line of goods, wrote to Zande Cosmetic Co., Inc., stating that this was an attempt to imitate plaintiff's well known "Tangee" and requested that it discontinue the use of the name "Zande". In reply it received a letter in July from defendants' attorneys stating that should "the proper authorities decide that there is a similarity in the names, defendants would immediately discontinue the use of the word 'Zande'". In April, 1935, Zande Cosmetic Co., Inc., filed an application in the United States Patent Office to register the trade-mark "Zande". The application was opposed by the plaintiff. On June 9, 1937, the Patent Office sustained the opposition holding that the applicant was not entitled to register the trade-mark "Zande", stating in part in its decision: "A comparison of these marks, which in meaning are seemingly both arbitrary, discloses differences as well as resemblances, in the appearance and sound thereof. In these respects the marks in issue are believed to be substantially as closely related as those held to be

confusingly similar in the following cases". [Citing cases.]

No appeal was taken from this decision and it became final on June 29, 1937. But defendants continued to use the trade-mark "Zande", the defendants forming the letter "Z" in script so it resembles in appearance the letter "T" in script.

The odor and the color of the lipstick made by defendants are substantially identical with those made by plaintiff. Originally the defendants used a metal container which, in color, was like the color of the carton containers used by plaintiff.

The trade-mark "Zande" is an invented word, having no significance except that phonetically it has a strong resemblance to plaintiff's trade-mark "Tangee", another invented word. Both are pronounced as two syllable words—"Tan-gee"; "Zan-de". In "Tangee" the first syllable "Tan" is pronounced with a short "a" as in "ran" and the second syllable "gee" is pronounced like the final syllable in "refugee". In "Zande" the first syllable "Zan" is also pronounced with a short "a" as in "tan" or "ran" and "e" in "de", the second syllable is pronounced like "ee" in "Tangee". There is the same long "e" sound in each of the letters "T", "Z", "d" and "g". If the defendants intended to adopt a trade name closely resembling the plaintiff, the one selected is about as near as it could come and yet leave them with any plausible argument. The explanation given by Mr. Tsirkas for selecting "Zande" as a trademark is that he is a native of Greece and there is an island in Greece named "Zante" which he thought would be an appropriate name, but that as "Zante" is a geographical name, it would not be a valid technical name, so he substituted the letter "d" for "t"—so making the trade-mark "Zande". This is not a very impressive explanation. Defendants explain the selection of "Viz-Zan-De" by saying that it is derived from the word "Byzantium", a former name for Istanbul, Turkey.

The record in the State Court action, Michel Cosmetics Inc., v. Tsirkas, offered by the plaintiff as tending to prove defendants' wrongful intent in this case is excluded. I do not think the fact that the defendant, Zande Cosmetic Co., Inc., was found to have wrongfully appropriated the formula of Michel Cosmetics, Inc., should be accepted as proof of intention in adopting the trade-mark "Zande". The nature and extent of the defendants' activities in the case of Elgin National Watch Co. v. Elgin Razor Corporation, D.C., 25 F.Supp. 886, cited by plaintiff's counsel, are quite sufficient to distinguish it from the situation in the case at bar.

In view of the fact that defendants were refused registration of the trademark "Zande" because it was confusingly similar to "Tangee" early in its career when it would have been a comparatively simple matter to have then selected a trade-mark which would have avoided any question of confusion, and their continued use of "Zande", together with all the other circumstances including the adoption of an odor and a color substantially identical with plaintiff's product, I think the reasonable conclusion is that the defendants intended to and is using a trade-mark that is and will be confused with that of plaintiff. Among cases enjoining the use of confusingly similar trade-marks are the following: American Products Co. v. Braithwaite, 53 F.2d 532, 19 C.C.P.A., Patents, 736, "Sanlo" held to infringe "Zanol"; Ramopa Co. v. A. Gastun & Co., D.C., 278 F. 557, "Maropa" held to infringe "Ramopa"; Industrial Rayon Corp. v. Dutchess Underwear Corp., 2 Cir., 92 F.2d 33, "Sunglo" held to infringe "Spun-lo"; Procter & Gamble Co. v. Clark-Cleveland, Inc., 53 U.S.P.Q. 321, "Zell" held to infringe "Teel"; Gehl v. Hebe Co., 7 Cir., 276 F. 271, "Meje" held to infringe "Hebe"; Proctor & Gamble Co. v. Eney Shortening Co., 50 App.D.C. 42, 267 F. 344, "Esco" held to infringe "Crisco"; Buckeye Soda Co. v. Oakite Products, Inc., 56 F.2d 462, 19 C.C.P.A., Patents, 1034, "Novite" held to infringe "Oakite"; Oakite Products, Inc., v. Boritz, 161 Misc. 807, 293 N.Y.S. 399, "Borite" held to infringe "Oakite"; Marion Lambert, Inc., v. O'Connor, 86 F.2d 980, 24 C.C.P.A., Patents, 781, "Voo" held to infringe "Dew".

Although in a case for unfair competition it may be necessary to show intent to deceive the public, in a case for violation of a properly registered trade-mark, it is not necessary to show wrongful intent. Thaddeus Davids Co. v. Davids, 233 U.S. 461, 34 S.Ct. 648, 58 L.Ed. 1046; United Drug Co. v. Obear-Nester Glass Co., 8 Cir., 111 F.2d 997; Hecker-H-O Co., Inc., v. Holland Food Corporation, 2 Cir., 36 F.2d 767.

Recently defendants have adopted the trade-mark "Viz-Zan-De", but they still make use of the trade-mark "Zande",

606

application filed September 21, 1940. Although plaintiff complains of the use of the trade-mark "Viz-Zan-De", I think that it is sufficiently distinctive to avoid confusion and that defendants should not be restrained from using it.

■■ Evidence offered by defendants that several foreign governments had granted defendants the right to register "Zande" as a trade-mark against plaintiff's opposition, though some foreign countries had refused, is irrelevant, inadmissible, and is excluded. City of Carlsbad et al. v. Kutnow, 2 Cir. 68 F. 794, affirmed 2 Cir., 71 F. 167. A trade-mark started elsewhere has only such validity and protection in a foreign country as the foreign law accords it. Ingenohl v. Walter E. Olsen & Co., Inc., 273 U.S. 541, 47 S.Ct. 451, 71 L.Ed. 762. The decree in the case at bar is operative only within the United States, for that is the extent of the jurisdiction of this court to enforce it. Hecker-H-O Inc., v. Holland Food Corporation, 2 Cir., 36 F. 2d 767, 768.

■ Eliminating the time consumed by the opposition proceeding in the Patent Office, three years and eight months intervened between the date, June 29, 1937, when the time for defendants to have appealed from that decision expired, and March 13, 1941, when plaintiff brought suit. Defendants knew that plaintiff opposed the defendants' use of the trade-mark "Zande", and previous to the decision by the Patent Office in reply to a letter from plaintiff objecting to defendants' use of "Zande", the attorneys for defendants wrote to plaintiff that if the proper authorities decide there is similarity in the trade-marks "Zande" and "Tangee" their clients "will naturally and immediately discontinue the use." In October, 1939, when plaintiff learned that S. H. Kress Company was selling defendants' products, it wrote to the Kress Company enclosing a copy of the Patent Office decision; whereupon that company stopped offering "Zande" products for sale. Between the Summer of 1940 and the Spring of 1941, plaintiff learned of three other instances where defendants' goods bearing the trade-mark "Zande" were on sale, and brought suit in March. I do not think defendants are entitled to invoke the defense of laches on the part of plaintiff. It has been active in its opposition to defendants' use of the trade-mark "Zande". Yale Electric Corp. v. Robertson, 2 Cir., 26 F.2d 972; Noll v. Rinex

Laboratories Co., D.C., 25 F.Supp. 239, 6 Cir., affirmed 99 F.2d 1013.

■ Defendants further urge that plaintiff has not proved any specific instances of confusion. This is not necessary. It is sufficient if it be shown, as I think it has, that defendants' mark bears such a resemblance to that of the plaintiff's as to deceive and confuse the buying public. Rice & Hutchins, Inc., v. Vera Shoe Co., Inc., 2 Cir., 290 F. 124. United Drug Co. v. Obear-Nester Glass Co., 8 Cir., 111 F.2d 997; Nims on Unfair Competition and Trade-marks, 3rd Ed., Section 335. One whose trade-mark has been infringed is not compelled to wait before seeking relief until proof of actual instances of confusion and passing have been secured. The plaintiff admits that, in view of the scattered sales by defendants, such proof is difficult to obtain as only two per cent of defendants' business was in the United States.

■ I think that the reasonable conclusion is that, if the defendants are permitted to use the corporate name Zande Cosmetic Co., Inc., "Zande" products would be confused by the public with those of the plaintiff. The use of the word "Zande" in the name of the defendant corporation infringes plaintiff's trade-mark. It makes little difference, if the result is to confuse the public, whether the confusion is due to the use of a corporate name or to the use of a trade-mark. Either or both of these methods may constitute infringement and unfair competition. The use of the word "Zande" in the name of the corporate defendant infringes plaintiff's trade-mark and should be enjoined. Rice & Hutchins, Inc., v. Vera Shoe Co., 2 Cir., 290 F. 124; Marvlo Mills, Inc., v. Marvel Mills, Inc., 170 Misc. 770, 11 N.Y.S.2d 37; McGraw Tire & Rubber Co. v. Griffith, C. C., 198 F. 566; Bates Mfg. Co. v. Bates Numbering Mach. Co., C.C., 172 F. 892; Rubber & Celluloid Harness Trimming Co. v. Rubber-Bound Brush Co., 81 N.J.Eq. 519, 88 A. 210, Ann.Cas.1915B, 365.

■ The defense that the plaintiff does not have title to the trade-mark "Tangee" is without merit. By an instrument in writing it was assigned by the old Luft Company to the plaintiff on October 20, 1937. The old corporation had been dissolved earlier in the month. The contention of defendants is that as the certificate of dissolution of the old Luft Company was filed on October 13, 1937, and the assignment on October 20th was executed by the officers

of the dissolved company instead of by the directors, Section 105 of the New York Stock Corporation Law, Consol.Laws, c. 59, has not been complied with and is therefore invalid. However, Section 105 provides that a dissolved corporation shall continue for the purpose of distributing its assets and doing all other acts required to wind up its business and affairs. The directors had on October 4th by resolution authorized its officers to do all things necessary to effect the transfer of its assets in accordance with the offer it had received to purchase them. The Luft Company received the agreed consideration and its officers executed the assignment so authorized. See Asphalt Paving & Contracting Co. v. City of New York, 149 App.Div. 622, 134 N.Y.S. 433.

Plaintiff is entitled to a decree enjoining the defendants in the use of the trademark "Zande" and the corporate name "Zande Cosmetic Co., Inc.", with an accounting from June 9, 1937, the date the Patent Office rendered its decision that the trade-mark "Zande" was confusingly similar to the mark "Tangee", and denied defendants' application.

Proposed findings of ultimate facts and conclusions of law as indicated above to be submitted to the court by the attorneys for plaintiff upon five days notice to the attorneys for the defendants.