CITY OF CARLSBAD et al. v. KUTNOW et al.

(Circuit Court, S. D. New York. July 2, 1895.)

1. TRADE-MARKS AND TRADE-NAMES—INFRINGEMENT SUITS—EFFECT OF FOR-EIGN DECISION.

A decision of the high court of chancery in England, granting to defendant, against complainant's opposition, the right to register as a trade-mark the words alleged to be an infringement, is no bar to a suit here for an infringement by using such words.

2. SAME—WHAT CONSTITUTES INFRINGEMENT—"CARLSBAD SPRUDEL SALTS."

The city of Carlsbad, Bohemia, having long made and sold salts of high medicinal qualities, in crystals and powder, made by evaporating water from the springs owned by that city, under the name of "Carlsbad Sprudel Salts," held, that it was an infringement to sell artificial salts, in no way derived from the Carlsbad waters, under the name of "Improved Effervescent Carlsbad Powder," it appearing that the city of Carlsbad had not used the name upon any but genuine salts derived from the spring waters.

3. SAME—TRADE-MARK IN NAME OF CITY.

The fact that Carlsbad is a geographical name does not prevent the city of that name from having an exclusive right to the use thereof in connection with springs owned by it, which have this same name and give it to their products.

This was a bill in equity by the city of Carlsbad and others against Hermann Kutnow and others for an infringement of the trade-mark or trade-name "Carlsbad Sprudel Salts."

Charles G. Coe, for plaintiffs.
Antonio Knauth, for defendants.

WHEELER, District Judge.    The Carlsbad springs appear to be owned by, and wholly within the control of, the city of Carlsbad, in Bohemia; and the waters of them, for many years, to have been evaporated into salts of highly medicinal qualities, in crystals and powder, well known for their curative properties, everywhere, as "Carlsbad Sprudel Salz." This bill is brought to restrain the defendants, who are dealers in drugs and medicines in New York, from further using the words, "Improved Effervescent Carlsbad Powder," in selling other salts of similar appearance and properties, and for an account of profits from such use.    As these are natural waters, unlike any others, and from which salts different from any others are produced, all genuine Carlsbad salts must necessarily emanate from them; and the plaintiffs, as proprietors of the springs and their products, must have the exclusive right to prepare and sell these waters and products as genuinely coming from these springs.    The defendants do not deny the use of these words in selling similar salts, but claim the right to so use them because registry of these words, with other symbols relating to the Carlsbad springs, as a trade-mark, was granted to them by the high court of justice of England, chancery division, against opposition by the plaintiffs, in 1893; because, as they allege, the plaintiffs sell artificial salts by the name of "Carlsbad Salts;" and because their use of these words is not likely to mislead purchasers as to the origin of their salts.

The decision in favor of granting the application for registry of the trade-mark could have no effect beyond the grant of that privilege in that jurisdiction; and it does not appear to have been granted upon any supposition that even there it could be used in selling any but genuine preparations of Carlsbad spring water as such, but rather that it could not.    10 Rep. Pat. Design & Trade-Mark Cas. 401.    That would appear to be no bar to a suit there for using the trade-mark on other salts to deceive; and it cannot be any bar to such a suit here, out of that jurisdiction, and beyond the operation of the laws under which the decision was made.    If any artificial salts have come to be known by the name of "Carlsbad Salts," from similarity or otherwise, of course the defendants have the same right to sell such salts by that name that they have to sell anything by the name by which it is known.    But there is no real evidence to that effect.    And if the defendants procured genuine Carlsbad waters or salts, and put them up in different forms, or with other ingredients, to improve their taste or vary their effects, these words would be truthful, and they would seem to have a clear right to use them in such preparations; but the plaintiffs' proof tends to show that the defendants' salts are not, in sub-

stance, genuine Carlsbad salts, in any form, and the leading defendant has been a witness, and has not assumed to state—and, although the proof must be within their reach, none has been produced to show—that their salts come direct, in any form from the Carlsbad springs. The impression left by the evidence is that they do not, but are artificial. No proof has been brought showing that the plaintiffs have used the name of "Carlsbad" upon any but genuine Carlsbad sprudel salts.

As the case stands here, the defendants appear to be using the name "Carlsbad" upon artificial salts having no connection with that name, and to be using it only because of its connection with the genuine Carlsbad sprudel salts. Carlsbad, with its springs, is far away. This use of the name in connection with a preparation so similar to this well-known product of them is some representation that it is a genuine product of them. Calling the powder "Improved Carlsbad" is a direct representation that genuine Carlsbad powder has been taken to be improved upon; and calling it also "effervescent" is a representation that the improvement is in the effervescence. This is putting the plaintiffs' mark, to some extent, upon the defendants' salts, and is calculated to lead customers to think they are the salts of the plaintiffs. Such deception would be actionable at law, and is preventable in equity. McLean v. Fleming, 96 U. S. 245; Menendez v. Holt, 128 U. S. 514, 9 Sup. Ct. 143; Improved Fig-Syrup Co. v. California Fig-Syrup Co., 54 Fed. 175, 4 C. C. A. 264; Von Mumm v. Frash, 56 Fed. 830. Allusion has been made to this word being the name of the city, to which ordinarily an exclusive right cannot be acquired; but it is also the name of these peculiar springs, and gives the name to their products. Decree for the plaintiffs for an injunction and an account.