## INGENOHL *v.* OLSEN & COMPANY, INC.

CERTIORARI TO THE SUPREME COURT OF THE PHILIPPINE
                              ISLANDS.

No. 174.   Argued March 1, 1927.—Decided March 14, 1927.

1. A trade-mark, started elsewhere, has only such validity and pro-
   tection in a foreign country as the foreign law accords it.  P. 544.

2. Section 311(2) of the Philippine Code of Civil Procedure, which provides that a judgment "may be repelled by evidence of . . . clear mistake of law or fact," does not justify refusal to enforce a judgment for costs rendered by the Supreme Court of Hongkong in a trade-mark suit, upon the ground that that court mistakenly denied effect in Hongkong to a sale of the trade-mark with the business of the plaintiff in the Philippine Islands, made by the Alien Property Custodian to the defendant. P. 544.

3. The Alien Property Custodian, under the Trading with the Enemy Act, had no power to transfer trade-mark rights in a foreign country contrary to the foreign law. P. 544.

4. This Court has jurisdiction by certiorari to review a case from the Supreme Court of the Philippine Islands in which the validity of a section of the Philippine Code of Civil Procedure and a construction of the Trading with the Enemy Act are drawn in question. P. 545.

47 P. I. 189, reversed.

CERTIORARI (269 U. S. 542) to a judgment of the Supreme Court of the Philippine Islands which reversed a judgment recovered by the plaintiff, Ingenohl, in the Court of First Instance. The action was based on a judgment for costs, awarded to the plaintiff by the Supreme Court of Hongkong, in a suit to restrain the defendant, Walter E. Olsen & Company Inc., from infringing the plaintiff's trade-mark.

*Mr. James M. Beck,* with whom *Messrs. O. R. McGuire* and *Joseph C. Meyerstein* were on the briefs, for petitioner.

*Mr. Frederic R. Coudert, Jr.,* with whom *Messrs. Frederic R. Coudert* and *Allison D. Gibbs* were on the brief, for respondent.

MR. JUSTICE HOLMES delivered the opinion of the Court.

This is a suit to recover the costs adjudged to the plaintiff, the petitioner here, in a former suit that was brought by him against the defendant in the British Colony of Hongkong and was determined in his favor by the Su-

preme Court there.   The judgment declared the plaintiff
to be the owner of certain trade-marks and trade names
and entitled to the exclusive use of them in connection
with his business as a cigar manufacturer.   It restrained
the defendants from selling cigars under these trade-
marks and awarded the costs now sued for.   The Court
of First Instance of Manila gave judgment for the plain-
tiff.   On appeal the Supreme Court of the Philippine
Islands reversed this decision on the ground that by
§ 311(2) of the Code of Civil Procedure a judgment
against a person " may be repelled by evidence of a want
of jurisdiction, want of notice to the party, collusion,
fraud or clear mistake of law or fact," and that the judg-
ment of the Supreme Court of Hongkong showed such
a clear mistake.

The supposed mistake consisted in denying effect in
Hongkong to a sale of business and trade-marks by the
Alien Property Custodian to the defendant, the circum-
stances and nature of which may be stated in few words
so far as they concern the present case.   The plaintiff
Ingenohl had built up a great business as a cigar manu-
facturer and exporter having his factory at Manila.   In
1908 he established a factory at Hongkong and thereafter
goods from both factories were sold under the same trade-
marks, the outside box or package of the Hongkong goods
having a label indicating that they came from there.   The
trade-marks were registered in Hongkong and the cigars
covered by them had acquired a reputation.   In 1918
the Alien Property Custodian seized and sold all the prop-
erty " wheresoever situate in the Philippine Islands
. . . including the business as going concern, and the
good will, trade names and trade-marks thereof, of Syn-
dicat Oriente," being the above mentioned business of
the plaintiff in the Philippines.   The Supreme Court of
the Philippines held that it was plain error in the Supreme
Court of the British Colony to hold that this sale did not

carry the exclusive right to use the trade-marks in the latter place.

A trade-mark started elsewhere would depend for its protection in Hongkong upon the law prevailing in Hongkong and would confer no rights except by the consent of that law. *Hanover Star Milling Co.* v. *Metcalf*, 240 U. S. 403. *United Drug Co.* v. *Theodore Rectanus Co.*, 248 U. S. 90. When, then, the judge who, in the absence of an appeal to the Privy Council, is the final exponent of that law, authoritatively declares that the assignment by the Custodian of the assets of the Manila firm cannot and will not be allowed to affect the rights of the party concerned in Hongkong, we do not see how it is possible for a foreign Court to pronounce his decision wrong. It will be acted on and settles the rights of the parties in Hongkong; and in view of that fact it seems somewhat paradoxical to say that it is not the law. If the Alien Property Custodian purported to convey rights in English territory valid as against those whom the English law protects he exceeded the powers that were or could be given to him by the United States.

It is not necessary to consider whether the section of the Code of Civil Procedure relied upon was within the power of the Philippine Commission to pass. In any event as interpreted it involved delicate considerations of international relations and therefore we should not hold ourselves bound to that deference that we show to the judgment of the local Court upon matters of only local concern. We are of opinion that whatever scope may be given to the section it is far from warranting the refusal to enforce this English judgment for costs, obtained after a fair trial before a court having jurisdiction of the parties, when the judgment is unquestionably valid and in other respects will be enforced. Of course a foreign state might accept the Custodian's transfer as good within its jurisdiction, if there were no opposing local interest or right,

and that may be the fact for China outside of Hongkong as seems to have been held in another case not yet finally disposed of, but no principle requires the transfer to be given effect outside of the United States and when as here it has been decided to have been ineffectual it is unnecessary to inquire whether in the other event the Alien Property Custodian was authorized by the statute to use or did use in fact words purporting to have that effect, or what the effect, if any, would be.

Some question was made of the jurisdiction of this Court. The jurisdiction was asserted, at least provisionally, when the writ of certiorari was granted. There are few cases in which it is more important to maintain it, and we confirm it now. The validity of the section of the Code of Civil Procedure is drawn in question, and also the construction of the Trading with the Enemy Act which is treated as purporting to authorize what in our opinion it could not authorize if it tried.

*Judgment reversed.*