### INDIAN REFINING CO. v. VALVOLINE OIL CO.
#### No. 5304.

Circuit Court of Appeals, Seventh Circuit.
Feb. 27, 1935.

Gunn, Penwell & Lindley, of Danville, Ill., and Oscar John Dorwin, of Chicago, Ill., for appellant.

Dryer & Brown and Omer Poos, all of Hillsboro, Ill., and Fred W. Gee, of Lawrenceville, Ill., for appellee.

Before EVANS, SPARKS, and FITZ HENRY, Circuit Judges.

SPARKS, Circuit Judge.

Appellee filed suit against appellant in the Court of Commerce for the Canton of Berne, Switzerland, alleging infringement of a certain trade-mark. A counterclaim was filed, and it, together with the original suit, was dismissed. Both parties appealed to the Swiss Federal Court which found in appellee's favor and decreed that appellant should pay the lower court fees and "compensate plaintiffs, extrajudicially, for the cantonal proceedings by an amount to be fixed by the lower court." In accordance with this decree, the Court of Commerce on May 18, 1929, fixed the amount due as Fr. 6,571.05. Appellee filed suit for this amount, plus 678.60 francs found due for costs in the Federal Court proceedings, in the Circuit Court for Lawrence County, Illinois, on December 12, 1932, alleging that the total sum due amounted to $7,000 under the current rate of exchange. Appellant petitioned for removal to the federal district court on the grounds of diversity of citizenship and that the amount in controversy exceeded $3,000. The District Court found that the appellee was entitled to the sum of 6,571.05 francs, which at the rate of exchange prevailing on the date of the trial amounted to $2,137.04, for which sum judgment was entered.

Appellant assigns as error (1) the action of the court in admitting in evidence the copies of the judgments of the two Swiss courts, claiming that those judgments were not properly exemplified and authenticated; (2) the finding that the sign "fr." indicated franc; (3) the holding that the rate of exchange as of the date of the trial was the applicable one.

We are not without doubt as to the jurisdiction of the federal court in this case in view of the fact that the suit was for a liquidated amount for which judgment had been entered in the foreign court. The only variation in the amount due so far as the District Court was concerned was the result of the possible fluctuation of the rate of exchange. At the time of trial this was

not sufficient to constitute the necessary jurisdictional amount. Appellee's recitation that its claim was for $7,000 is not conclusive as to the value of the amount due in terms of American money. However, since no evidence was introduced at any point of the proceedings as to the rate of exchange at the time the suit was filed and the petition for removal considered, we conclude that the court was justified in assuming jurisdiction in accordance with the ruling in Wetmore v. Rymer, 169 U. S. 115, 18 S. Ct. 293, 298, 42 L. Ed. 682: "A suit cannot be properly dismissed by a circuit court as not substantially involving a controversy within its jurisdiction, unless the facts, when made to appear on the record, create a legal certainty of that conclusion." The same would be true of the duty to remand under section 37 of the Judicial Code, 28 USCA § 80. It follows that in the absence of any evidence as to the rate of exchange at the time the cause was removed, the court had no way of establishing to a legal certainty that the jurisdictional amount was not involved, hence had to rely on the averments of the bill of complaint and petition for removal.

■ The judgment upon which the judgment of the District Court was in fact based was that rendered by the Court of Commerce of the Canton of Berne. A copy of this judgment was introduced in evidence. It was certified to be a true copy by the Clerk of the court in which it was rendered, and there was a further certification that it had not been reversed, annulled, vacated, nor satisfied. There followed a certification, by the Clerk, of the name and signature of the President of the court, and by the President, of the name and signature of the Clerk. The acting Registrar of the State Chancery of the Canton of Berne certified that the Court of Commerce was a court of record, and that it had jurisdiction throughout the canton, and that the parties named in the foregoing certificates as Clerk and President of the court were such officials, and that he believed that their signatures annexed to their certificates were genuine. The certificates of the officials of the court were duly stamped with the seal of the court, and that of the acting Registrar, with the seal of the State Chancery, and the latter certificate was also authenticated by the American Consul at Berne under the seal of the consulate. We think these certificates sufficiently meet the requirements of the law as to the authentication of the judgment relied upon. See Church v. Hubbart, 2 Cranch, 187 at page 237, 2 L. Ed. 249. This is particularly true in view of the absence of any evidence to impeach the validity of the judgment or of any specific objection to it in the trial court. The record recites that the defendant duly objected to the admissibility of the certified copy of the judgment of the Swiss Federal Court, whereupon the court ruled that it and all other evidence should be admitted subject to all objections the defendant might later wish to urge, without the making of specific objections or pointing out specific grounds of objection during the course of the trial, to which ruling the defendant duly excepted. At the close of the appellee's testimony appellant moved the court to exclude the evidence offered by appellee, and for judgment for appellant on the ground that under the pleadings, the evidence, and the law of the case the appellee was not entitled to recovery, which motion was refused by the court with exception allowed to the appellant. There is nothing in the record to indicate that specific grounds were ever assigned for the exclusion of the copy of the judgment until the appellant asserted in its assignments of error that "the court erred in finding that the copies of said judgments were properly exemplified, identified and proved and were prima facie evidence of what they appear to be." We think this is comparable to the situation in Wood v. Weimar, 104 U. S. 786, 795, 26 L. Ed. 779, where it was held that an objection to the competency of evidence of a deed was insufficient to raise the question of its authentication on appeal, and the Court said, "The rule is universal that nothing which occurred in the progress of the trial can be assigned for error here, unless it was brought to the attention of the court below, and passed upon directly or indirectly."

■ Although no error was assigned as to the point, appellant urged before this court that there was a fatal variance between the judgment of the Court of Commerce and that of the Federal Court upon which it was grounded. It is unnecessary to consider this since the judgment of the District Court was for only the amount found due by the Court of Commerce, which we hold was duly proved. The reason for excluding the additional sum of fr. 676.80 found due by the Swiss Federal Court, and included in the original claim of appellee does not appear in the record of the case before us.

Appellant also urges that the court erred in not applying the rate of exchange as of the date the suit was commenced. While certain language in Deutsche Bank v. Humphrey, 272 U. S. 517, 47 S. Ct. 166, 71 L. Ed. 383, might be construed as authority for the application of this date, it seems that the court there held that the rate as of the date of judgment should be applied. That, at least, was the assumption expressed in the dissenting opinion in that case, as well as by Justice Hand in Tillman v. Russo-Asiatic Bank (C. C. A.) 51 F.(2d) 1023, 1026, 80 A. L. R. 1368, in which case certiorari was denied, 285 U. S. 539, 52 S. Ct. 312, 76 L. Ed. 932. It is true that the court in the case at bar adopted the rate as of the date of trial. The exact date does not seem to be material, as indicated in Sutherland v. Mayer, 271 U. S. 272, 46 S. Ct. 538, 70 L. Ed. 943, where the court adopted a rate as proved for a date three days later than the date involved, saying that it seemed near enough to the designated date. The Court of Appeals for the Second Circuit also found a variance immaterial where there was no evidence of a difference in the rate on the different dates involved. See Tillman v. Russo-Asiatic Bank, supra. The court there said: "This date [when suit was brought], rather than the date of judgment, the court inadvertently adopted as the time for fixing the value of rubles in United States currency, but it was admitted at the argument before us that values had not changed between the date mistakenly adopted and the date of judgment." Here there is no evidence of a variation in the rate between the time of trial and that of judgment, and there was no request on the part of appellant to have the court adopt the rate as of the date of judgment. Instead, its objection is predicated on the fact that the court did not adopt that of the date when suit was started. Appellant itself introduced no evidence as to the rate, contenting itself with objecting generally to the adoption of the rate as of the date of trial. Under these circumstances we do not feel that it is necessary for us to remand the cause to the trial court for the purpose of ascertaining whether or not any fluctuation occurred in the rate between April 9, the date of the trial, and June 1, when judgment was entered.

There was no error in the finding of the court that the abbreviation "fr." indicated the franc.

Judgment affirmed.