## SPANN v. COMPANIA MEXICANA RADIODIFUSORA FRONTERIZA, S. A.

### No. 10243.

Circuit Court of Appeals, Fifth Circuit.

Dec. 7, 1942.

---

**610**

judgment for costs "in the amount of $6,000.00 or its equivalent in National currency". The judgment, for 12 percent of $50,000.00, the amount the defendant in this suit had sued for as plaintiff, had been rendered by the Fourth Chamber of the Superior Tribunal of Justice of the State of Coahuila, Mexico, a court of competent jurisdiction, and had been appealed to and affirmed in the Supreme Court of Mexico.

Defendant, insisting that the suit was not for a sum or value in excess of $3,000.00, and that the court was without jurisdiction of it, further defended on the grounds: (1) that the judgment was void because rendered without personal notice to, or personal service upon him; and (2) that it was not enforceable because, imposing costs of 12 percent, 8 percent as attorney's fees and 4 percent as costs of appeal, on the amount he, as plaintiff, had "asked in damages", the judgment was grossly excessive in the light of, and obnoxious to, the public policy of Texas.

The evidence on a trial to a jury, in no manner impeached the judgment. On the contrary, it established that defendant through an attorney of his selection had, as plaintiff, instituted suit in Mexico against plaintiff in this suit, as defendant, "for $50,000.00, or its equivalent in National currency"; that judgment had gone against plaintiff in that suit, had been appealed and affirmed; that in accordance with Mexican law, judgment for costs had been entered against plaintiff in favor of defendant "in the sum of $6,000.00, or its equivalent in National currency"; that an appeal had been taken from that judgment to, and it had been affirmed by, the Supreme Court of Mexico, and that no part of it had been paid. The district judge, of the opinion[1] that under settled law, verdict for plaintiff for the amount sued for was demanded, instructed a verdict and gave judgment accordingly.

We approve that opinion as a correct statement both of the facts and of the applicable law, and shall add to it only to make some additional citations, and to point out more clearly the inconsistent position in which appellant finds himself when, after having elected to sue in Mexico and invoke the jurisdiction and the law governing the proceedings of Mexican courts, he now seeks to defend against a

Charles W. Starling, of Dallas, Tex., for appellant.

Harold A. Bateman and L. E. Elliott, both of Dallas, Tex., for appellee.

Before HUTCHESON, HOLMES, and McCORD, Circuit Judges.

HUTCHESON, Circuit Judge.

The suit for $6,000.00, with interest from September 13, 1937, was on a Mexican

---

[1] 41 F.Supp. 907.

judgment, the legal consequence of the exercise of his own volition.

The evidence appellant relies on shows no more than that he was not informed of the probable consequences of the institution of his suit and that he was in some doubt as to the particular amount which would be sued for. A careful examination of the record makes it clear beyond any question that defendant authorized and appointed an attorney to sue for him, and authorized him to bring and conduct the action, and that the attorney faithfully and to the best of his ability represented him throughout all of the proceedings which culminated in the loss by plaintiff of the suit he had brought and the judgment for costs against him.

In addition to the authorities cited in the District Court's opinion, Ingenohl v. Olsen & Co. 273 U.S. 541, 542, 47 S. Ct. 451, 71 L.Ed. 762; Johnston v. Compagnie Generale, 242 N.Y. 381, 152 N.E. 121, 46 A.L.R. 435; Indian Refining Co. v. Valvoline Oil Co., 7 Cir., 75 F.2d 797, and The Conflict of Laws, Restatement, Chapt. 10, §§ 434, 440, 443, 444 and 445, may be profitably consulted. None of these cited authorities support appellant's claim to relief from the judgment here. Nothing in the record points to any fraud, overreaching or bad faith. The costs imposed are not by way of penalty or for the payment of money on a cause of action created by the law of a foreign state as a method of furthering its own governmental interests, nor is there anything in the imposition of the costs which is at all contrary to the public policy of the State of Texas. On this record, appellant, having invoked the jurisdiction of the Mexican courts under statutes and rules which, if he had recovered the amount he sued for, would have entitled him, in addition thereto, to 12 percent thereof as costs, and, if he had lost, would have subjected him to a like judgment for costs, and, now contesting the judgment against him as loser, finds himself in the quite unenviable position of trying to take the good without the bad, the sweet without the bitter. If, instead of invoking, he had been dragged into, the jurisdiction of the Mexican courts and had been there subjected to a judgment for costs which he deemed excessive and unjust, he could with better grace have sought relief from it. But it is a poor rule that does not work both ways, and there is little

of appeal in a claim that an award of costs under a rule which would have given them to plaintiff if he had prevailed, is contrary to public policy and unjust when it gives them to the defendant when plaintiff fails. The judgment was right. It is

Affirmed.