440 F.2d 1319
 2 ERC 1435, 1 Envtl. L. Rep. 20,268
 PALLADIO INC., Plaintiff-Appellant,
v.
Henry A. DIAMOND, as Commissioner of the Department of
EnvironmentalConservation of the State of New York, Don J.
Wickham, as Commissioner ofAgriculture and Markets of the
State of New York, John P. Lomenzo, as Secretaryof State of
the Stateof New York, Frank S. Hogan, as District Attorney
of New York County, andHoward R. Leary, as Police
Commissioner of the City of New York, Defendants-Appellees.
 No. 682, Docket 35686.
 United States Court of Appeals, Second Circuit.
 Argued March 26, 1971.
Decided March 26, 1971.
 
 Joseph L. Forscher, New York City (David S. Glassman, Steven Elias, Forscher, Glassman & Elias, New York City, on the brief), for plaintiff-appellant.
 Thomas F. Harrison, Asst. Atty. Gen. (Louis J. Lefkowitz, Atty. Gen. of N.Y., of counsel; Samuel A. Hirshowitz, First Asst. Atty. Gen., Philip Weinberg, Asst. Atty. Gen., on the brief), for defendants-appellees.
 Before LUMBARD, Chief Judge, and KAUFMAN and HAYS, Circuit Judges.
 PER CURIAM:
 
 
 1
 We affirmed in open court the order of the district court declining to issue a preliminary injunction or to convene a three-judge court to consider the constitutionality of New York State's recently enacted Mason Act, codified as 358-a of the Agriculture and Markets Law, McKinney's Consol.Laws, c. 69. A companion measure to the somewhat milder (from plaintiff's viewpoint) Harris Act, codified as 187 of the New York Conservation Law, McKinney's Consol.Laws, c. 65, the Mason Act is designed to discourage the killing for profit of several named species of animals which the legislature apparently concluded were in danger of becoming extinct or might become so unless remedial measures were taken. To the end that 'the potential for their continued existence will be strengthened' (Harris Act, Section 1), the Mason Act prohibits the sale or offer for sale within the State of products made from the skins of those animals, including leopards, tigers, cheetahs, red wolves, polar bears, and 'alligators, caiman or crocodile of the order crocodylia.' Plaintiff is a Massachusetts corporation which designs and sells men's shoes, most fashioned from the skins of African crocodiles. As approximately 40% Of plaintiff's business was with New York retailers in the most recent fiscal year, it stands to suffer considerable economic injury as a result of the Mason Law.
 
 
 2
 Palladio has raised a variety of constitutional objections to the Mason Act, but among these the most prominent is the assertion that most of the species of crocodiles-- and all of those in which Palladio deals-- are in plentiful supply and in no danger of extinction, at least not today. Palladio argues that the New York legislature's decision to outlaw the sale of all kinds of crocodiles was irrational and that consequently the Mason Act deprives it of property without due process of law. Palladio also attacks the law under the Commerce and Supremacy Clauses of the Constitution, and as inconsistent with recent federal legislation in this area. The reasons that each of these attacks falls short of raising a Constitutional question sufficient to warrant the convening of a three-judge court are well stated in Judge Mansfield's opinion below, reported at 321 F.Supp. 630, and we have nothing to add to his discussion. Moreover, in Reptile Products Assn., Inc. v. A. E. Nettleton, 39 U.S.L.W. 3409 (March 23, 1971), the Supreme Court dismissed an appeal from a ruling of the New York Court of Appeals, A. E. Nettleton Co. v. Diamond, 27 N.Y.2d 182, 315 N.Y.S.2d 625, 264 N.E.2d 118 (1970), which had found the Mason Act invulnerable to virtually the same attacks as plaintiff presses here.