# (April 4, 1972)

## (Republished)

■ In the Matter of the PEOPLE OF THE STATE OF NEW YORK, by LOUIS J. LEFKOWITZ, Attorney-General of the State of New York, Appellant, v. CORUM WATCH CORP., Respondent.— Judgment, Supreme Court, New York County entered on December 17, 1971, reversed, on the law, without costs and without disbursements, and vacated, the application of petitioner-appellant granted and the respondent enjoined. There is no doubt of the New York State Legislative intent to bar the sale of watch bands made from crocodile skins. Not only may they not "be sold or offered for sale * * * within the state of New York" (Agriculture and Markets Law, § 358-a; the Mason Law), no person may leave the State "with intent to elude any of the provisions of this article" (§ 367). Defendant, while it claims not actually to sell in the State, clearly holds these watchbands for sale and supply for outside of the State. The constitutionality of the act has already been sustained. (*Nettleton Co.* v. *Diamond,* 27 N Y 2d 182, app. dsmd. *sub nom. Reptile Prods. Assn.* v. *Diamond,* 401 U. S. 969; *Palladio, Inc.* v. *Diamond,* 321 F. Supp. 630, affd. 440 F. 2d 1319, cert. den. 404 U. S. 983.) It follows that the respondent must be enjoined from further sales (*Matter of Lefkowitz* [*Fuchs Bros. Sales Corp.*], N. Y. L. J., Jan. 6, 1972, p. 2, col. 8). Concur — Stevens, P. J., Kupferman, McNally and Tilzer, JJ.; McGivern, J., dissents in the following memorandum: That the State of New York may interdict sales *intrastate,* I have no doubt. But, whether the State of New York can extend its prohibition to sales consummated beyond its borders, is not free from doubt. No more than the United States can enjoin sales by a defendant, permissible in a foreign country. (*Luft* v. *Zande Cosmetic Co.,* 142 F. 2d 536, cert. den. 323 U. S. 756.) Even the Federal Government, in its regulation of commerce, stops at the water's edge. And I further find that this precise question, whether sales permissible in other States, can be enjoined here in the home State (New York), has not yet been passed on. In *Nettleton Co.* v. *Diamond* (63 Misc 2d 885, revd. 27 N Y 2d 182), that case dealt with a New York manufacturer of the forbidden species, which company was dealing with sales in New York State, the goods having been acquired prior to the effective date of the act. The lower court expressly stated that it was not passing on whether the legislation violated the commerce clause of the United States Constitution. I have no quarrel with the conclusion that prohibited sales within New York State are not violative of the commerce clause, as well explicated per Scileppi, J. Indeed, the con-

stitutionality of the Mason Law is not before us, but its application to sales of the prohibited items to vendees in states where the sales are legal and where the sales are to be consummated. And it is to be noted the crocodilian items here at issue are present in New York, for trans-shipment purposes, with the approval of the Federal Government, and that 48 out of the 50 States regard sales of these items as perfectly legal; and there is nothing in the act barring possession of such goods in New York, or making mere possession indicative of an illegal intent. The recent case, *Palladio* v. *Diamond* (321 F. Supp. 630, affd. 440 F. 2d 1139) referred to by the majority, involved a Massachusetts corporation, 40% of whose sales were to New York retailers. We have before us a horse of another color: a business man, legally in possession of items, whose professed intent is not to sell to New York vendees, but to consummate sales in other States, where, unlike New York, such sales are not forbidden. Nor are such sales forbidden by the Federal Government. Accordingly, I repeat that the precise question has not been passed on either by the New York Court of Appeals or by the Federal courts, and I doubt very much if New York can project its prohibition into foreign states, based on a claimed exercise of police power, and attempt to regulate the nature of sales within the foreign states, where such sales are permitted. (See *Baldwin* v. *G.A.F. Seelig*, 294 U. S. 511, per Cardozo, J.) Thus, I agree with Special Term that since the goods are here legally, and since the Corum Watch Corp. does not evidence any intention of doing anything it does not have a constitutional right to do, it has done no act justifying an injunction, and the petition was properly dismissed. The order of this court entered on March 16, 1972 [38 A D 2d 920], is vacated. Settle order on notice.