767 F.2d 920
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
FAYGO BEVERAGES, INC., PLAINTIFF-APPELLEE,
v.
ALEC C. GUNTER, D/B/A POTTLER'S INTERNATIONAL, DEFENDANT-APPELLANT.
 NO. 84-1230
 United States Court of Appeals, Sixth Circuit.
 6/25/85
 
 E.D.Mich.
 AFFIRMED
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN
 BEFORE: CONTIE AND MILBURN, Circuit Judges; and Celebrezze, Senior Circuit Judge.
 Per Curiam.
 
 
 1
 Plaintiff-appellee Faygo Beverages, Inc. commenced an action against defendant-appellant Gunter seeking, among other relief, an injunction to prevent Gunter from threatening both Faygo and its customers with trademark infringement actions; in response, Gunter counterclaimed alleging that Faygo was infringing upon his trademark in the soft drink 'Moonshine.' The district court dismissed with prejudice Gunter's counterclaims holding that Gunter lacked standing to assert infringement of the Moonshine trademark. Gunter appeals and we now affirm.
 
 
 2
 Alec Gunter and one Powell doing business as a partnership obtained trademark registration on the soft drink 'Moonshine.' After obtaining registration, Gunter and Powell entered into a licensing agreement with Feigenson Brothers Co., the predecessor company of Faygo Beverages, Inc. From the time Gunter obtained trademark registration in 1966 through 1977, he made various transfers of his interest in the trademark 'Moonshine' and also underwent personal bankruptcy proceedings between 1971 and 1974. In 1977, Gunter unilaterally terminated Faygo's license to 'Moonshine,' alleging that he had re-obtained a 100% interest in the mark. Faygo, however, apparently failed to acknowledge either the efficacy or validity of Gunter's actions. In 1982, Gunter conveyed all his rights, title, and interest in the trademark Moonshine to his wife.
 
 
 3
 Faygo brought an action against Gunter seeking an injunction to prevent Gunter from threatening both Faygo and its customers with infringement actions, asking for declaratory relief, and requesting damages for Gunter's infringement of its trademark, 'Faygo Moonshine.' Gunter counterclaimed contending, among other things, that Faygo was infringing on his 'Moonshine' trademark and that Faygo was competing unfairly with him.
 
 
 4
 On the first day of trial, the district court dismissed with prejudice Gunter's counterclaims on the grounds that he lacked standing, reasoning that Gunter had assigned away all of his rights in the trademark Moonshine to his wife. On the second day of trial, the parties entered into a 'Stipulated Final Order' concerning Faygo's claims which provided that, 'Defendant Alec C. Gunter shall not assert or threaten to assert infringement of 'Moonshine' trademarks against Plaintiff Faygo or its customers.' Gunter now appeals the dismissal of his actions with prejudice.
 
 
 5
 Gunter contends on appeal that the district court erred in holding that he assigned away all his rights and interest in the Moonshine trademark to his wife. In support of his contention, Gunter relies upon cases holding that infringement actions which accrue before the assignment occurs are not transferred unless specifically mentioned. E.g., H. & J. Foods, Inc. v. Reeder, 477 F.2d 1053, 1056 (9th Cir.), cert. denied, 414 U.S. 859 (1973); compare George W. Luft Co., Inc. v. Zande Cosmetic Co., 142 F.2d 536, 541-42 (2d Cir.) (transfer of all assets may transfer right to sue for past infringement of trademark), cert. denied, 323 U.S. 756 (1944). We, however, do not need to decide whether the transfer by Gunter in fact assigned away his right to sue for past infringement to his wife. In our view, the Stipulated Final Order precludes this appeal by Gunter.
 
 
 6
 The final order plainly provides that 'Gunter shall not assert or threaten to assert infringement of 'Moonshine' trademarks against' Faygo. Gunter contends that this order precludes him only from seeking injunctive relief; he is not prohibited from maintaining an action for past infringement. We disagree. The order broadly prohibits Gunter from asserting 'infringement' actions--the order is not limited to merely injunctive relief. Thus, since the present appeal is concededly an infringement action, the order precludes Gunter from bringing this appeal.
 
 
 7
 Accordingly, the judgment of the district court is affirmed.